ALDINE TAYLOR v. STATE.

190 So. 262
Division A
Opinion Filed June 27, 1939

*George S. Okell,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Writ of error brings for review judgment of conviction of the offense of breaking and entering a building with intent to commit a felony, to-wit, grand larceny.

Plaintiff in error presents four questions for our consideration, as follows:

"Did the lower court err in holding that the plea of *autrefois acquit* was bad in law and fact on an oral demurrer interposed by the County Solicitor to said plea?

II.

"Did the lower court err in permitting the County Solicitor to interrogate the defendant on cross-examination about statements allegedly made by the defendant before certain police officers at the time of his arrest when said statements had not been brought out by the defendant on direct examination or referred to or brought out in any way by the State in its direct case, even though the lower court restricted said testimony to be used solely for the purpose of impeachment over the timely interposition of objection by defense counsel?"

III.

"Did the lower court err in permitting the witness Charles Price to testify to statements made to police officers in his presence by the defendant at the time of the arrest of defendant as a rebuttal witness when the State had failed in its direct case to offer any statement of such a character, and when a contradiction of said statements had been brought out by the State from defendant on the State's cross-examination of defendant, over the timely objection by defense counsel, and elicited by the State solely so as to lay grounds for the State to impeach the defendant by the witness, Charles Price?"

IV.

"Was the evidence as to identification and as to ownership of the property sufficient to warrant a conviction of the charge on which the defendant was convicted?"

The count of the information on which defendant was convicted is:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA: Robt. R. Taylor, County Solicitor, for the County of Dade, prosecuting for the State of Florida, in the said county, under oath, information makes that Aldine Taylor and Ernest Nelson of the County of Dade and State of Florida, on the 24th day of January in the year of our Lord, one thousand nine hundred and thirty-eight, in the County and State aforesaid, did unlawfully and feloniously break and enter the store building located at 279 East Flagler Street, City of Miami, Dade County, Florida, property of one Turf Exchange Bar, Inc., a Florida Corporation, with intent to commit a felony therein, to-wit: grand larceny, with intent to take, steal and carry away money, goods and chattels of the value of more than Fifty ($50.00) Dollars, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State of Florida."

The other counts of the information were eliminated by order of the court.

The plea in abatement interposed is:

"The defendant Aldine Taylor pleas *auterfois acquit.*

"2. The defendant Aldine Taylor shows that heretofore on to-wit: February 24, A. D. 1938, in case No. 5712 in the above styled court, an information was filed against the said Aldine Taylor, charging the said Aldine Taylor with armed robbery, a copy of said information being hereto attached and made a part hereof as though fully set forth

herein; that on or about April 21, A. D. 1938, said cause came on for trial before the Honorable Ben C. Willard, in the Criminal Court of Record in and for Dade County, Florida, and that after the calling and selection of a jury and the submission of testimony by the State and upon the State resting its case, a motion for a directed verdict in favor of the defendant was made by the defendant Aldine Taylor, and was granted by the court, and a verdict of not guilty was duly rendered by the jury and presented to the Clerk and recorded in the minutes of this court, and the defendant was ordered discharged. That since the above trial, a new information, No. 5954, has been filed by the State of Florida and that said information covers one and the same crime and transaction for which the defendant Aldine Taylor was found not guilty as aforesaid.

"3. The defendant, Aldine Taylor, avers that each and every count of the information is embraced by and covered by the former prosecution in case No. 5712, which was tried in the above styled court, which resulted in a verdict of not guilty, acquitting the defendant, Aldine Taylor."

The information referred to in the plea upon trial under which the defendant alleged he had been acquitted is:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA: ROBT. R. TAYLOR, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that Aldine Taylor and Ernest Nelson of the County of Dade and State of Florida, on the 24th day of January, in the year of our Lord One thousand nine hundred and thirty-eight in the County and State aforesaid, with force and arms, in and upon one JOE BROCK feloniously did make and assault, and the said Joe Brock in bodily fear and danger of his life then and there feloniously did put, and two (2) cash registers of the value of $550.00, lawful money of the United

States of America, and Thirteen Hundred Dollars ($1,300.00) cash, lawful money of the United States of America of the value of Thirteen Hundred Dollars, of the money, property, goods and chattels of one George Garrison, a further and more particular description of said money, property, goods and chattels being to the County Solicitor unknown, from the person and against the will of the said Joe Brock, then and there feloniously and by force and violence, did rob, steal, take and carry away, the said defendants, Aldine Taylor and Ernest Nelson, being then and there armed with dangerous weapons, to-wit: pistols, a further and more particular description of said weapons being to the County Solicitor unknown, with intent if then and there resisted by the said Joe Brock the said Joe Brock then and there to maim and kill, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The informations charge entirely different offenses and proof essential to support conviction of one of such offenses is not essential to the conviction of the other offense, and vice versa.

The gravamen of one offense is the breaking and entry of a building with felonious intent (McNair v. State, 61 Fla. 35, 55 Sou. 401; Martin v. State, 123 Fla. 143, 166 Sou. 467); while the gravamen of the other is robbery from the person of another by putting such other in fear of death or great bodily harm (Montsdoca, et al., v. State, 84 Fla. 82, 93 Sou. 157).

One may be guilty of breaking and entering a building with intent to commit a felony and be also guilty of robbery from the person of another by putting such person in fear of death or great bodily harm after having so feloniously entered such building, and may be convicted of both offenses under separate counts in the same information or

under two separate informations. Tubb v. Mayo, 128 Fla. 190, 174 Sou. 325.

So demurrer to the plea was properly sustained.

The contentions presented under the second and third questions are without merit because when a defendant takes the stand as a witness in his own behalf he assumes the same status with reference to examination as any other witness and, therefore, it was not improper for the prosecuting attorney to lay the predicate for impeachment; nor was it improper for him to follow up the predicate so laid by the introduction of testimony contradicting the testimony of such witness although he happened to be the defendant.

The fourth question must be answered in the affirmative, as there was substantial evidence which, if believed by the jury, was sufficient to establish every element of the offense charged.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.