197 So.2d 323 (1967)
Kathy Lou EVANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-425.
District Court of Appeal of Florida. Third District.
April 4, 1967.
*324 Lynch, Quick & Christmas, Tobias Simon and Alfred Feinberg, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant Kathy Lou Evans was informed against. In separate counts she was charged with the crimes of (1) breaking and entering a dwelling with intent to commit a felony therein, to-wit: robbery, and (2) robbery. When arraigned she pleaded not guilty. Trial was had before a jury in the Dade County criminal court of record, and the defendant was found guilty. Thereupon the court entered its judgment of guilt on the two charges and imposed a single sentence of confinement in the state penitentiary for a period of 99 years. The defendant appealed.
The first contention presented on behalf of the appellant is that the state was required to elect, and proceed on only one of the two crimes charged in the information. A motion to require the state to so elect was duly made and was denied by the trial court.
No error was committed in denying the motion. The counts in the information charged different crimes. Evidence essential to prove one was not essential to conviction on the other, and the gravamen of the two offenses was not the same. Taylor v. State, 138 Fla. 762, 190 So. 262; Steele v. Mayo, Fla. 1954, 72 So.2d 386; Smith v. United States, 10 Cir.1963, 312 F.2d 119.
As a part of this initial contention, the appellant challenged the validity of the sentence, contending that instead of imposing a single sentence the court unlawfully imposed separate sentences for each of the crimes alleged in the information (49 1/2 years for each). In support thereof the appellant relies on certain statements made by the court following pronouncement of the sentence. The transcript of the trial proceedings shows that in imposing sentence the trial court said: "It is the judgment and sentence of the Court that the Defendant in this case, Kathy Lou Evans, be confined in the State Penitentiary for Women at Lowell, Florida, for a period of 99 years." Defendant's attorney then requested that the court "clarify the sentence as to Count No. 1 and Count No. 2." Thereupon the court stated: "It is a 99 year sentence to the information to be shared jointly by counts one and two." Defendant's attorney then asked: "Running concurrently?" to which the court answered: "Yes, sir." Thereafter, in the formal judgment and sentence entered and signed by the trial judge, the defendant was adjudged guilty of the two crimes charged in the information, and a sentence was entered in the following language: "It is further considered, ordered and adjudged that you be imprisoned by confinement at hard labor in the state penitentiary for a term of 99 years."
The sentence as thus formally pronounced is controlling, and it is clear from the record that the court properly imposed a single sentence, which did not exceed that prescribed by statute. See §§ 810.01 and 813.011, Fla. Stat., F.S.A.
A further contention of the appellant was that reversible error was committed *325 by the court by denying her motion for preliminary hearing, made when she was incarcerated for more than 30 days awaiting trial, after arrest on the information. In support thereof appellant relies on § 909.04 Fla. Stat., F.S.A., which provides that in such circumstances a defendant "may apply to the trial court having jurisdiction for and be allowed a preliminary hearing."
The appellant concedes that a preliminary hearing is not a critical stage of the proceeding, citing Baugus v. State, Fla. 1962, 141 So.2d 264, at p. 267, in which the Supreme Court said: "[T]he procedure of hearing a case preliminarily is not a step in due process of law, is not a prerequisite to a criminal prosecution for the filing of an indictment. It serves only to determine whether or not probable cause exists to hold a person for trial, * * * and a prosecution may be instituted and maintained regardless of such an investigation."
While the appellant does not contend that the denial of her motion for preliminary hearing prejudiced her case at trial or otherwise, she insists that her right to a preliminary hearing was absolute under the statute, and that the refusal of the court to grant it should cause reversal without need to show a prejudicial result. We can not subscribe to that view. No harmful error was shown. The trial was entitled to proceed notwithstanding the absence of preliminary hearing. Baugus v. State, supra.
We have considered appellant's contention that the verdict was not supported by the evidence. This contention related to the issue of identity of the appellant at the trial. On that issue there was direct witness evidence presented by the state upon which the jury was justified in finding against the defendant.
As a corollary to the point just dealt with, appellant contends that the court erred in denying her motion to suppress certain evidence obtained by the state from the bank safe deposit box rented in the name of James Clyde Kish, with whom she had been living in cohabitation, and who was one of the participants in the transaction from which the charges against the appellant stemmed. The evidentiary items sought to be suppressed were certain photographs of the appellant in the nude, which had been taken by Kish, and found in the safe deposit box. They were offered in evidence by the state because at the time of the trial the defendant's hair was dark, whereas the photographs taken previously showed her hair to be light colored as described by the identifying witness.
The propriety of that ruling of the trial court depends on whether the defendant had sufficient standing to invoke for herself a constitutional privilege against unlawful search and seizure of the evidence in the safe deposit box. We hold, as contended for by the state, that she did not have such standing, and that no error was committed in that ruling of the trial court.
The appellant argued that her cohabitation with Kish gave her "a sufficient interest" in the safe deposit box to afford her the requisite standing to challenge the search thereof and seizure of its contents, citing State v. Leveson, Fla. 1963, 151 So.2d 283. The cited case does not support the appellant's argument for standing to challenge the validity of the search of her paramour's safe deposit box. Ownership by defendant of the photographs seized, if in fact she owned them, would not be material since it is the right of possession and control of the place, or safe deposit box which is searched, rather than ownership of the contents, which furnishes a standing to challenge a search. However, the evidence did not prove that the photographs offered in evidence were the property of the defendant. The evidence disclosed the pictures were taken by Kish; that later he showed them to appellant; and that she had expressed willingness for Kish to have them if he wished to keep *326 them, but required that he seclude them. As evidence showing the appellant lacked standing to challenge the validity of the search, the state presented testimony of the custodian that Kish had leased the safe deposit box, expressly for him individually, and that he was alone when he "came in to go into the box."
In the circumstances disclosed the defendant failed to sustain her burden of proving that "at the time of the search (she) owned or rightfully possessed or had a lawful interest in the (safe deposit box) searched." McCain v. State, Fla. App. 1963, 151 So.2d 841; Nixon v. State, Fla. 1951, 54 So.2d 190, 192.
No reversible error having been shown, the judgment and sentence appealed from are affirmed.
Affirmed.