MANN, Judge.
Warncke is to be commended for surrendering voluntarily and pleading guilty to a number of robberies. If his attitude within the correctional system is as represented to us in his brief the Probation and Parole Commission will take due account of it and he will have paid his debt to society all the sooner for recognizing the unwisdom of a professional criminal career. He is serving eight sentences of twenty years, running concurrently, with credit for jail time served prior to sentence. He could *28 have been sentenced to life. Fla.Stat. § 813.011, F.S.A. (1969). The trial judge obviously gave considerable credit to Warncke for his attitude. We can find no warrant in the statutes or cases for Warncke’s statement that he would be eligible for parole in less than half the time had he been given a life sentence. See Fla.Stat. § 947.16(1) (1969).
Thus we find no error. There is one item which, although harmless error, deserves discussion. A general sentence of twenty years was given in one case, involving counts of breaking and entering with intent to commit a felony (Fla.Stat. § 810.-02) and grand larceny (Fla.Stat. § 811.021 (2)), the aggregate sentence being the sum of the máximums under each section. We think the reasoning of Judge Brown in Benson v. United States, 5th Cir. 1964, 332 F.2d 288, is persuasive and that separate sentences are desirable in these cases. In Evans v. State, Fla.App.1967, 197 So.2d 323, a 99-year sentence was upheld by the Third District, but that was less than the maximum possible under a single count. See also 21 Am.Jur.2d Criminal Law § 54b; Annotation, 91 A.L.R.2d 511. The error being harmless, we affirm. Fla.Stat. § 924.-33 (1969).
PIERCE, C. J., and LILES, J., concur.