406 So.2d 1115 (1981)
STATE of Florida, Petitioner,
v.
Willie MONROE, Respondent.
No. 60588.
Supreme Court of Florida.
November 25, 1981.
*1116 Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Peter Raben, Asst. Public Defender, Miami, for respondent.
McDONALD, Justice.
The Third District Court of Appeal has certified its opinion in Monroe v. State, 396 So.2d 241 (Fla.3d DCA 1981), as passing on a question of great public importance. We have jurisdiction, article V, section 3(b)(4), FLorida Constitution, and disapprove in part and approve in part the instant decision.
A two-count information charged Monroe with robbery with a firearm under section 812.13, Florida Statutes (1977), and unlawful possession of a firearm while committing a felony under section 790.07, Florida Statutes (1977). The jury convicted Monroe on both counts, and the trial court imposed consecutive sentences of ten years and five years respectively. On appeal the district court found the firearm possession charge to be a lesser included offense of the robbery. Relying on Mahaun v. State, 377 So.2d 1158 (Fla. 1979), and State v. Pinder, 375 So.2d 836 (Fla. 1979), the district court reversed both the conviction and sentence on the second count.
This Court recently held that, although section 775.021(4), Florida Statutes, precludes multiple sentences for lesser included offenses, multiple convictions for lesser included offenses are not barred by either the state or federal constitution. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). We therefore disapprove the district court's reversal of the conviction for unlawful possession of a firearm, but approve the reversal of sentence for that offense and remand for proceedings consistent with this opinion.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.