411 So.2d 319 (1982)
Johnny Lee BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1136.
District Court of Appeal of Florida, Fifth District.
March 24, 1982.
James B. Gibson, Public Defender, and Lynda Campbell, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Appellant, Bell, was charged by information with trafficking in illegal drugs, sale of a controlled substance and possession of a controlled substance.[1] Trial by jury was held and Bell was found guilty as charged. He was adjudicated guilty and sentenced to fifteen years on the trafficking count, ten years on the sale count and five years on the possession count. Bell appealed contending the trial court erred in sentencing him on all three counts. We agree and vacate the two sentences for the sale and possession of controlled substances.[2]
*320 Anyone who knowingly sells or is knowingly in actual or constructive possession of illegal drugs is guilty of trafficking in illegal drugs. § 893.135(1)(c), Fla. Stat. (1979). Trafficking may be proven either by the sale or by the possession of illegal drugs. Section 893.13(1)(a) prohibits the sale of a controlled substance and section 893.13(1)(e) prohibits the actual or constructive possession of a controlled substance. In this case there was only one sale of drugs involved.
The sale and possession of illegal drugs constituted a violation of the trafficking offense, and the same elements (sale and possession) were involved in the other two offenses. Therefore, only the sentence for the more serious offense  trafficking  can stand.[3] A contrary holding by us would create double jeopardy problems. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Accordingly, the sentences for sale and possession of a controlled substance are vacated. We affirm the convictions and the sentence for trafficking in illegal drugs.
AFFIRMED in part and VACATED in part.
COBB, J., concurs specially with opinion.
COWART, J., concurs in part and dissents in part with opinion.
COBB, Judge, concurring specially.
Based upon my reading of the recent Florida Supreme Court cases of State v. Monroe, 406 So.2d 1115 (Fla. 1981), and State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), and the doctrine of stare decisis, I must concur with the majority result. It seems to me, however, that Monroe and Hegstrom are in conflict with the double jeopardy clause of the Fifth Amendment of the United States Constitution.
COWART, Judge, concurring in part and dissenting in part:
The statutory offense of "trafficking in illegal drugs," § 893.135(1)(c), Fla. Stat. (1979), prohibits and penalizes the possession and sale and certain other acts involving four grams or more of any mixture, salt, isomer or salt of an isomer of morphine or opium, including heroin. A charge of a violation of this statutory offense necessarily includes, as lesser included offenses involving a lesser quantity of the same controlled substances, both the statutory offense of possession, § 893.13(1)(e), Fla. Stat. (1979), and the statutory offense of sale, § 893.13(1)(a)1., Fla. Stat. (1979).
Since such true lesser included offenses (also sometimes redundantly called "necessarily lesser included offenses" or category 3 lesser included offenses under the categorization in Brown v. State, 206 So.2d 377 (Fla. 1968)), never pass the test in Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), as being essentially separate and distinct from the greater offense, they are therefore, for constitutional double jeopardy purposes, always "the same offense" as the greater offense. Trials, convictions and sentences for both such greater offense and such lesser included offenses are always barred by the double jeopardy clauses of the state and federal constitutions.
The exclusion of such true lesser included offenses from the requirement of section 775.021(4), Florida Statutes (1979), that a separate sentence be imposed on the conviction of each and every violation of a criminal statute, is merely a recognition of the fact that under the Blockburger test the federal double jeopardy clause bars the trial and conviction (and therefore punishment) of both the greater offense and any lesser offense, all of the constituent elements of which are included in the elements of such greater offense. In the double jeopardy context and as used in section 775.021(4), Florida Statutes (1979), the phrase "lesser included offenses" has its true legal meaning and relates only to "a crime within a crime." "Lesser" means having a lesser number of constituent elements than the greater offense. "Included" means that those lesser number of elements are totally *321 included within the elements of the greater offense. "Offense" means a statutory or common law crime. This definition does not include the pseudo-lesser included offense concept involved in the abrogated "single transaction rule" and implemented by the Brown v. State category 4 rationale, wherein "lesser" meant a crime having a lesser penalty; "included" meant the allegations of the facts constituting a violation of the lesser crime were included in the same count charging the greater crime; "offense" referred to the single or same factual act, occurrence, transaction or episode in which the two crimes occurred and application of the single transaction rule permitted conviction of the category 4 offense but barred a separate sentence (punishment) for it.
Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), holds that, as the substance of criminal offenses is their constituent essential elements, merely casting the exact same set of elements into the form of two statutes with different numbers, titles and punishments does not create two distinctly different offenses. The same set of constituent elements remained, in substance, but one and "the same offense," within the meaning of the constitutional double jeopardy clauses, subject to but one trial, conviction and punishment. Thus, after Bartee had once been put in jeopardy for a violation of such a substantive offense described by reference to one statutory section number, he could not, as to the same factual event, again be put in jeopardy for that same substantive offense, although the second time it was described as a violation of a statute with a different title, section number and punishment. Bartee has nothing to do with any concept relating to sentencing only for the more serious of two or more offenses.
This case does not involve a felony murder, but the majority relies on Hegstrom, which considers legal problems involved in trials, convictions and sentences for both a felony murder and the underlying felony offense. Blockburger, decided in 1932, was cited in no reported Florida case until, in 1979 in Pinder,[1] it was cited as the authority for holding that double jeopardy barred conviction for a felony murder and also for the underlying felony. After Pinder was criticized in Whalen,[2] the same problem was reconsidered in Hegstrom and there it was recognized that Pinder misunderstood double jeopardy and misapplied Blockburger. Accordingly, Hegstrom withdrew from Pinder and held, correctly, that under a proper Blockburger analysis a felony murder offense and a completed underlying felony offense are distinctly different crimes in substance, each constitutionally subject to a separate jeopardy, trial, conviction, and sentence. Unfortunately, Hegstrom makes statements inconsistent with this conclusion saying that, by definition, proof of the underlying robbery offense was "necessarily an offense included within the [felony murder]." If this statement is correct, then, as explained above, the Blockburger test is failed and both offenses would be "the same offense" within the meaning of the double jeopardy clauses and trials and convictions for both offenses would be constitutionally prohibited. Of course, if trials and convictions are constitutionally prohibited, the point is never reached where the validity of a separate sentence for one of two offenses can even be considered.
More unfortunately though, in backing away from Pinder and the double jeopardy problem, Hegstrom backs into section 775.021(4), Florida Statutes (1979), and notices that while that statute mandates separate sentences for every conviction and adjudication of guilt for each criminal offense, it excludes lesser included offenses. Hegstrom then reasons that, since the statute does not require a separate sentence as to lesser included offenses, it must, therefore, prohibit a separate sentence as to convictions of lesser included offenses (Hegstrom's transmission has only a forward and a reverse  no neutral). Realizing that it has just said that the underlying offense is a necessarily lesser included offense of felony murder (although it has impliedly held *322 contrarywise as to the double jeopardy problem) Hegstrom concludes that, while double jeopardy does not bar a conviction for the underlying felony offense in addition to a conviction for the felony murder, the statute, not the constitution, bars a separate sentence for the underlying felony when one has been sentenced for the felony murder.
If the felony offense underlying a felony murder is NOT a necessarily lesser included offense of the felony murder offense, then Hegstrom is correct in holding that double jeopardy does not bar a conviction of both a felony murder offense and the underlying felony offense.[3] Certainly Hegstrom does not hold, as apparently the majority assumes, that double jeopardy permits Bell to be convicted of both a greater offense and lesser included offenses, all of the constituent essential elements of which are included within the elements of such greater offense, but prohibits sentencing for the lesser included offenses.[4] The above analysis and an awareness of a sworn duty to uphold the U.S. Constitution (see Art. II, § 5(b), Fla. Const.), and no other reason, have forced me to an opinion that obliges me to say that I believe that the majority opinion misapplies Blockburger, misconstrues Hegstrom and erroneously approves, contrary to the double jeopardy clauses of both the state and federal constitutions, Bell's three convictions for what is, in contemplation of constitutional law, one and "the same offense."
Accordingly, I would affirm the conviction and sentence as to the trafficking offense and reverse the convictions, as well as the sentences, relating to both the possession and the sale offenses.
NOTES
[1] §§ 893.13(1)(a), 893.13(1)(e), 893.135(1)(c), Fla. Stat. (1979).
[2] §§ 893.13(1)(a), 893.13(1)(e), Fla. Stat. (1979).
[3] Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
[1] State v. Pinder, 375 So.2d 836 (Fla. 1979).
[2] Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
[3] Paradoxically, however, the same conclusion (that the underlying felony is NOT a necessarily lesser included offense of felony murder) should have led to the conclusion that the lesser included offense exclusion in section 775.021(4), Florida Statutes, did not apply, and a holding that the statute requires, rather than prohibits, a separate sentence as to the conviction relating to the underlying felony offense. Such a holding would align the statute with the constitutional double jeopardy clause; these are presently, under Hegstrom, at cross-purposes.
[4] If the majority is correct in reading Hegstrom as stating that double jeopardy simply does not apply to multiple convictions for the same offense if they are all obtained in one trial, then Hegstrom is in direct conflict with previous decisions of the United States Supreme Court. The Blockburger case itself involved three convictions of drug sales occurring in one trial on a five count indictment. One and the same act of selling proved all elements of two sections of the federal Narcotic Act and was held to constitute the commission of two separate and distinct offenses justifying and constitutionally permitting two convictions only because each statutory section contained an essential element that the other section did not require. If such multiple convictions were constitutionally permitted because they were obtained in but one trial and were not constitutionally required to rest on substantially different and distinct statutory prohibitions, then the test for substantive difference between crimes, re-enunciated and applied by the U.S. Supreme Court in Blockburger, was totally unnecessary in that landmark case. The Florida Supreme Court's interpretation of Florida law, such as its construction in Hegstrom, of section 775.021(4), Florida Statutes (1979), is binding on all other Florida state courts, but where the Florida Supreme Court's interpretation of the federal constitution conflicts with the United States Supreme Court's interpretation, the district courts of this state have consistently followed the federal interpretation. See, e.g., Edwards v. State, 393 So.2d 597 (Fla. 3d DCA 1981), review denied, 402 So.2d 613 (Fla. 1981); Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980). The constitutional prohibition against double jeopardy has always protected an accused not only against the peril of a second punishment but also against even the hazard of trial and possible conviction twice for the same offense. That is why double jeopardy is a defense to a prosecution, not just a bar to two sentences for the same offense. A second conviction for the same offense, even without a separate sentence, has detrimental consequences under habitual offender statutes, parole consideration criteria and legal principles permitting impeachment to be enhanced by evidence of the number of prior convictions of crime. I read no case cited by the majority, including Hegstrom, to hold that double jeopardy authorizes two convictions for the same offense, provided no formal sentence is imposed on the second conviction.