FERGUSON, Judge.
Appellant was convicted in one case of armed robbery and in another case he was convicted of armed robbery and possession of a firearm during the course of a robbery. He was sentenced to concurrent life imprisonment sentences for each offense with a mandatory minimum three-year period of confinement to apply to each sentence. The first issue raised in this appeal is that the sentence for the firearm possession was improper or excessive.
As to the sentence for possession of a firearm during the course of a felony, we reverse. Where the state files separate charges for robbery with a firearm and possession of a firearm while in the commission of a robbery, arising out of a single episode, there may be convictions for both offenses. The possession of a firearm charge is said to be a lesser included offense of the armed robbery charge (although in fact they are identical offenses), for which multiple convictions are permitted; in such cases it is only multiple sentences which are precluded, [e.s.] Section 775.021(4), Fla. Stat. (1981); State v. Monroe, 406 So.2d 1115 (Fla.1981); see also State v. Hegstrom, 401 So.2d 1843 (1981). Finding that imposition of a sentence for the firearm possession was error, we need not decide whether the length of the sentence exceeded that permitted by law.
We find no merit in the remaining points on appeal.
The convictions on all counts are AFFIRMED; the sentence for possession of a firearm during the course of a felony is REVERSED, and the cause is remanded for further consistent proceedings.