COWART, Judge,
concurring specially:
This is another double jeopardy case with an identity of offense problem. The issue is whether a defendant can be tried, convicted and sentenced for burglary with assault (§ 810.02(2)(a), Fla.Stat. (1981)) and for armed robbery (§ 812.13(2)(a), Fla.Stat. (1981)) when both charges are based on interrelated facts.
Giddings entered a dwelling with intent to commit a crime therein and in the course thereof committed an assault on the occupant. As part of the same transaction or criminal episode Giddings also robbed the occupant while carrying a deadly weapon. Convicted and sentenced on both offenses he claims on appeal that because elements of the two crimes overlap and because the constitutional double jeopardy clauses were designed to prevent multiple sentencing (punishment) the sentence for the burglary of a dwelling with assault must be vacated. As authority for his position he cites Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982); State v. Monroe, 406 So.2d 1115 (Fla.1981); State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The double jeopardy clauses were designed to prevent a citizen from being twice put in jeopardy of trial, conviction or punishment for “the same offense.” They were not intended to prevent multiple trials, convictions or punishment for multiple offenses which are in substance different either because one statutory offense is substantively different from another or because two charges involving statutory offenses that are substantively the same are based on different factual events. Bell v. State, 437 So.2d 1057 (Fla.1983), reversed Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982), receded from Monroe and explained that Hegstrom did not hold that double jeopardy permitted a defendant to be convicted of both a greater offense and of a necessarily lesser included offense of the greater offense provided no sentence was imposed for the necessarily lesser included offense. Actually Bell v. State, holds that if two statutory offenses have the exact same essential constituent elements or if one statutory offense includes all the elements of the other, those two offenses are constitutionally “the same offense” and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events. It is Borges v. State, 415 So.2d 1265 (Fla.1982), that holds the converse of the principle of law applied in Bell, that is, if two statutory offenses do not have the exact same essential constituent elements and neither statutory offense includes all of the elements of the other, those two offenses are not constitutionally “the same offense” and a person can be put in jeopardy as to both of such offenses even if the two offenses are based on one and the same factual event.[1] Borges holds, *338 further, in essence that if the constitutional double jeopardy clauses permit a trial on and conviction of each of two substantively different offenses, it is the legislative intent of section 775.021(4), Florida Statutes (1977), that a separate sentence be imposed on each of such criminal offenses.
Taylor v. State, 138 Fla. 762, 190 So. 262 (1939), cited by the majority in lieu of an opinion, is a fine old case but its citation should be noted as a major shift in the majority view in similar cases from this court. Although Taylor does not contain a theoretical explanation, its rationale and result is bottomed on the theory of solving double jeopardy identity of offenses problems by a substantive analysis of the two statutory offenses involved and of the factual bases for the criminal charges alleged as violations of the two statutory offenses. Accordingly, the conclusion in that case, and in this case, is consistent with Borges and four earlier cases out of this court (Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981)), but is inconsistent with the majority opinion in four more recent cases from this court that declined to make a substantive analysis. See Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983); Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983); Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982); Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982), disapproved, 437 So.2d 1057 (Fla. 1983).
Each of the two offenses of which Gid-dings was tried, convicted and sentenced has at least one essential constituent element that the other crime does not have, therefore, under a proper Blockburger type substantive analysis these two offenses can never be “the same offense” and Giddings was properly charged, tried, convicted of both offenses and, as section 775.021(4), Florida Statutes (1981), mandates, sentenced on each offense.

. The analysis and comparison of the essential constituent elements of criminal offenses, which is the true Blockburger test, is the view in State v. Cantrell, 417 So.2d 260 (Fla.1982); Borges v. State, 415 So.2d 1265 (Fla.1982); the supreme court Bell case (Bell v. State, 437 So.2d 1057 (Fla.1983)); the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983); the dissent in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982); the dissent in the DCA Bell case (Bell v. State, 411 So.2d 319 (Fla. 5th DCA 1982)); Bartee v. State, *338 401 So.2d 890 (Fla. 5th DCA 1981); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981); Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA 1980), rev. den. 392 So.2d 1381 (Fla.1980).