SCHWARTZ, Chief Judge.
Neither of the appellant’s points is meritorious. The challenged portion of the prosecutor’s final argument[1] was a permissible reference to the absence of testimony to support the defendant’s factual contentions, rather than an impermissible comment on his failure to testify. State v. Sheperd, 479 So.2d 106 (Fla.1985); White v. State, 377 So.2d 1149 (Fla.1979).
Secondly, because the respective crimes involve separate factual predicates and legal elements and are designed to meet different evils, there is nothing to the claim that, under Carawan v. State, 515 So.2d 161 (Fla.1987), a defendant may not be convicted of both burglary, that is, entering another’s premises with the intent to commit the offense of robbery, and the robbery itself. Taylor v. State, 138 Fla. 762, 190 So. 262 (1939); Johnson v. State, 535 So.2d 651 (Fla. 3d DCA 1988), and cases cited; see Few v. State, 533 So.2d 914 (Fla. 2d DCA 1988).
AFFIRMED.

. The prosecutor stated:
Have you heard any evidence in this case, is there any evidence in this record that this guy bought a credit card from anybody? Did you hear anything from that witness stand, any word—
******
MR. KASTRENAKES: None, zero, zip....
There is no explanation in this record for the use of that credit card other than Mr. Guralnick’s speaking to you in opening statement, and that isn’t evidence.