563 So.2d 794 (1990)
Larry BLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2693.
District Court of Appeal of Florida, First District.
June 21, 1990.
James A. Johnston, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Bland appeals from an order denying his Rule 3.850 motion. No evidentiary hearing was held. However, it is apparent *795 from the record herein that the trial court, in denying the motion, took into consideration the transcript of the trial testimony. Such transcript is a part of the record herein and is relied upon by both the appellant and appellee. Under the circumstances, the trial court's failure to attach to its order the portions of the record relied upon for denial is not reversible error. See Raulerson v. State, 420 So.2d 567, 571 (Fla. 1982).
Appellant, who went to trial on the dual charges of burglary and attempted sexual battery, claims that he was denied effective assistance of counsel because defense counsel[1] failed to defend on the basis of voluntary intoxication. Although the evidence concerning the defendant's sobriety may well have been sufficient to entitle him  had he requested it  to an instruction on the defense of voluntary intoxication, the trial transcript, beginning with the opening statements all the way through the closing arguments, clearly shows that the theory of Bland's defense was that his entry into the subject home was at the victim's invitation, that although a fight ensued, she initiated the fight, and that there was no attempted sexual battery. This defense was at least partially successful because, although the jury returned a guilty verdict on the burglary charge, Bland was found not guilty on the attempted sexual battery count.
Even more significant though is the fact that only one of the felonies for which the appellant was being tried  burglary  is amenable to a voluntary intoxication defense. While burglary is a specific intent crime in which a defense of voluntary intoxication may be interposed,[2] attempted sexual battery is a general intent crime because, as held in Gentry v. State, 422 So.2d 1072 (Fla. 2nd DCA 1982), approved, 437 So.2d 1097 (Fla. 1983), the intent required to attempt to commit a crime is no greater than the intent necessary to commit the crime itself, and sexual battery requires only a general intent.
So, for us to call into question the competency of trial counsel's performance in failing to defend on the basis of voluntary intoxication  a defense applicable to only one of the charged offenses  would constitute Monday morning quarterbacking of the first order.
Were we to reverse in this case, we would, in effect, be suggesting that defense counsel in a situation such as this must, in order to avoid the stigma of an incompetency of counsel claim, defend on the basis of both consent and voluntary intoxication. We decline to promote such incongruity.
We have examined the two other ineffective assistance claims and find them to be without merit.
AFFIRMED.
THOMPSON, FORD L. (Ret.), Associate Judge, concurs.
ERVIN, J., concurs and dissents with opinion.
ERVIN, Judge, concurring and dissenting.
I agree with the majority that the trial court correctly denied the motion as it related to the appellant's points asserting that his trial counsel was ineffective, because he failed to request an instruction that trespass be given as a lesser included offense to that of burglary of a dwelling with assault, and because he failed to object to certain comments made by the prosecutor regarding appellant's failure to testify, I would nonetheless reverse the order insofar as it denied appellant's motion relating to trial counsel's ineffectiveness, in that he failed to raise the defense of voluntary intoxication, notwithstanding that there was evidence before the jury from which it could have inferred that appellant was too intoxicated at the time of the offense to form the requisite intent essential to prove the offense for which he was convicted. I would therefore remand the *796 case for an evidentiary hearing as to this issue.
Appellant, charged with burglary of a dwelling with assault and attempted sexual battery, was found guilty of the former offense and not guilty of the latter, and his conviction was later affirmed by this court. See Bland v. State, 513 So.2d 1064 (Fla. 1st DCA 1987). The facts presented at trial reflect that appellant, during the early hours of June 1, 1986, first knocked on the door of the victim's home, and, when denied entry, he later returned, removed the screen from the bedroom window,[1] and, upon entering the house, repeatedly struck the victim in the face, choked her, and told her that he wanted to have sex with her, or he would kill her. The police, who arrived at the scene shortly afterward, detected a strong odor of alcohol on appellant and noted also that appellant had called the victim by the wrong name, even though he had known her for some time previously. One of appellant's companions testified that he, appellant, and another friend had been drinking that evening, and that while all three were intoxicated, they were not drunk, i.e., unable to walk, think, or comprehend.
As to the first issue, contending that counsel was ineffective due to his failure to request the trial court to give a jury instruction for trespass as a lesser included offense to burglary of a dwelling with assault, I agree with the majority that appellant has failed to show that the trial court erred in denying his motion to vacate sentence. In order for a court to decide whether counsel's performance fell below the level of reasonably effective assistance, the defendant must demonstrate that counsel's performance was deficient. Second, the defendant must show that the deficient performance by counsel prejudiced the defense. Lusk v. State, 498 So.2d 902, 903-04 (Fla. 1986) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)), cert. denied, 481 U.S. 1024, 107 S.Ct. 1912, 95 L.Ed.2d 517 (1987). Employing this analysis requires a reviewing court to make every effort to eliminate the distorting effects of hindsight by evaluating the performance from counsel's perspective at the time and to indulge a strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, with the burden on claimant to show otherwise. Blanco v. Wainwright, 507 So.2d 1377, 1381 (Fla. 1987).
Applying the above precepts to the case at bar, I would observe that because trespass is designated as a category 2 lesser included offense to the charge of burglary of a dwelling with assault,[2] such an offense is not automatically included in the instructions given to the jury, as are category 1 lesser included offenses. Nevertheless, if a category 2 offense is contemplated by the allegations of the information and supported by the evidence presented at trial, the law is clear that the instruction should be given, if timely requested. See Brown v. State, 206 So.2d 377 (Fla. 1968); Macek v. State, 409 So.2d 107 (Fla. 4th DCA 1982).
The evidence adduced at the trial below would appear to support a trespass instruction, i.e., appellant's statement to the arresting officer that the victim allowed him to enter and that he refused to depart. Because there was some evidence supporting such an instruction, but defense counsel failed to request it, appellant may have arguably satisfied the first part of the Strickland test by showing an act of omission which was deficient. Nevertheless, the second element of Strickland  that the deficient performance prejudiced appellant's defense  was not satisfied. Appellant's failure to demonstrate the existence of prejudice is due to the fact that the omission in failing to request such an instruction is, under the circumstances, only harmless error.
As explained in State v. Abreau, 363 So.2d 1063 (Fla. 1978), if the charged offense and the category 1 lesser included offenses are requested and given, but the *797 category 2 lesser included offenses are not requested and not given, and the jury returns a verdict for the charged offense, then any error in not requesting or granting the category 2 lesser offenses is harmless. Here, the charged offense (burglary with assault), the category 1 lesser offense (simple burglary), and the requested assault and battery instructions were given. Still, the jury returned a verdict of guilty as to the offense of burglary with assault, the charged offense. Under the circumstances, I find no basis for reversal under Issue I.
Considering next the third designated issue relating to the alleged ineffective assistance of counsel, due to his failure to object to numerous improper statements or comments made by the prosecutor regarding appellant's alleged failure to testify, I also agree that no demonstration of error appears. The offending comments appear to relate either to the prosecutor's comments regarding the defendant's statement to an arresting officer, which are not impermissible,[3] or to his comments concerning what various witnesses had testified to, which similarly are not improper. See State v. Sheperd, 479 So.2d 106 (Fla. 1985); Avant v. State, 538 So.2d 99 (Fla. 3d DCA 1989); Kennedy v. State, 490 So.2d 195 (Fla. 2d DCA 1986). Therefore, it cannot be said that counsel's failure to object to these statements was deficient in performance.
Regarding appellant's failure to raise the defense of voluntary intoxication to the offense of burglary with assault, I am of the view that appellant made a prima facie showing that counsel's performance was not only deficient, but that the deficient performance prejudiced the defense. In the case at bar, appellant was charged with a specific intent crime  burglary of a dwelling with assault  and a voluntary intoxication defense can be used to negate the intent element of such a crime. See Heddleson v. State, 512 So.2d 957 (Fla. 4th DCA 1987). Thus, if there is some evidence introduced to support an instruction on behalf of the defendant's theory of defense, the general rule is that it is error for the trial court to fail to give the requested instruction. See, e.g., Hooper v. State, 476 So.2d 1253 (Fla. 1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986); Randolph v. State, 526 So.2d 931 (Fla. 1st DCA), review denied, 536 So.2d 245 (Fla. 1988); Heddleson v. State.
In the case at bar, while there is no evidence of the amount of alcohol consumed by appellant during the hours preceding the incident, there was testimony from Allen Franklin that he, Malone, and appellant were all "intoxicated." The victim thought appellant had been drinking, because of his "stupid grin and loud, draggy voice." Both officers smelled a strong odor of alcohol on appellant. Both officers and the victim testified that appellant called the victim "Georgia," rather than by her name, Wanda. Certainly this is a case in which, if the defense had been developed properly, an intoxication instruction may have been warranted. Thus, counsel's performance in not pursuing the defense and requesting the instruction may have been deficient.
It is true that appellant's trial attorney may make a tactical decision not to pursue the defense of voluntary intoxication. See Buford v. State, 492 So.2d 355 (Fla. 1986). However, I find nothing in the record before us (including the trial transcript) which suggests that appellant's trial counsel made a conscious decision to disregard an intoxication defense, and, as the attorney did not testify at the 3.850 evidentiary hearing, I am unable to say that such was a definite tactical decision. Cf. Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990).
Because I cannot determine from the record whether the omission of the intoxication instruction was due to oversight or a strategic move, I consider that the case should be remanded for trial counsel to present evidence on this issue.
NOTES
[1] Bland's appellate counsel herein was not trial counsel.
[2] Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984).
[1] Defendant's statement to an officer was that the victim had permitted him to enter the house.
[2] See Fla.Std. Jury Instr. (Crim.) p. 292.
[3] See Watson v. State, 504 So.2d 1267 (Fla. 1st DCA 1986), review denied, 506 So.2d 1043 (Fla. 1987).