563 So.2d 798 (1990)
Kenneth D. BOUTWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-133.
District Court of Appeal of Florida, First District.
June 21, 1990.
Kenneth D. Boutwell, in pro. per.
No appearance for appellee.
THOMPSON, FORD L. (Retired), Associate Judge.
Boutwell appeals an order denying his Fla.R.Crim.P. 3.850 motion for post-conviction relief. We affirm in part and reverse and remand in part for further proceedings.
Boutwell was convicted of first degree murder and possession of a firearm during the commission of a felony, both arising from the same drive-by shooting incident. Boutwell proceeded to trial on the theory that another person had committed the crime. His 3.850 motion alleged that his girlfriend testified at trial that prior to the shooting Boutwell had been drinking heavily, and snorting cocaine. His counsel did not argue the defense of voluntary intoxication, nor was the jury instructed thereon.
A sentencing hearing was held and a transcript of the hearing attached to the trial court's order reflects that a sentencing guidelines scoresheet had been prepared and was considered by the court. On the first-degree murder count, Boutwell received a life sentence with a 25-year minimum mandatory sentence. On the second-degree felony of the possession of a firearm during the commission of a felony, Boutwell received 15 years incarceration, to run consecutively to the 25 year sentence.
Boutwell thereafter appealed alleging that the court erred in failing to inquire into a possible conflict of interest in defense counsel's former representation of a state witness and that the prosecutor had been allowed to make improper comments on Boutwell's silence. This court affirmed *799 as to both issues and properly did not address the third issue of ineffective assistance of counsel. Boutwell v. State, 530 So.2d 1092 (Fla. 1st DCA) review denied, 538 So.2d 1255 (Fla. 1988).
Boutwell thereafter filed a 3.850 motion, the order on which is appealed in this case, alleging as grounds that: (1) the 15 years he received for possession of a firearm during a felony exceeded the statutory maximum of three years set forth in § 775.087(2)(a), Fla. Stat. (the three year minimum mandatory statute for the use of a firearm); (2) the imposition of sentence for both first-degree murder with a firearm and possession of firearm in the commission of a felony violated double jeopardy; (3) it was error to sentence him without a scoresheet; (4) he received ineffective assistance of counsel in failing to present the defense of voluntary intoxication; and (5) he received ineffective assistance of counsel with regard to the failure to move to suppress Boutwell's confession on the grounds of coercion.
The trial court denied the motion without a hearing. It ruled that as to (1) that the 15 year sentence was within the 15 year statutory maximum for a second-degree felony; as to (2) that because first-degree murder does not require the use of a firearm and the possession of a firearm does not require the death of a human being, the offenses were separate; and as to (3) that a scoresheet had been used and that a portion of the sentencing transcript was attached reflecting the use of the scoresheet. As to Boutwell's claims for ineffective assistance of counsel, the trial court ruled that the evidence of voluntary intoxication was not sufficient to support a finding that the requisite specific intent could not be formed, and that counsel would have undermined his credibility with the jury by presenting such a defense; and as to (5) the court held that the voluntariness of the confession was disputed only by Boutwell's testimony which was not credible thus warranting the counsel's omission to argue voluntariness. No portion of the record to support the trial court's order was attached except the excerpt from the sentencing transcript. This appeal followed.
We affirm as to ground (1) in which Boutwell alleges that his sentence of 15 years for possession of a firearm exceeded the three year minimum mandatory sentence prescribed in § 775.087(2)(a), Fla. Stat. As the trial court found, Boutwell is simply confused as to the statute under which he was prosecuted. Section 790.07(2), Fla. Stat. makes it a second degree felony to display, use, threaten or attempt to use a firearm while committing or attempting to commit a felony. Second degree felonies are punishable by a term up to 15 years. § 775.082(3)(c), Fla. Stat. As to ground (2), this court has specifically held in Harper v. State, 537 So.2d 1131 (Fla. 1st DCA 1989), that there is clear legislative intent in the statutes that multiple punishments for both first degree murder and use of a firearm during the commission of a felony are permissible. As to ground (3), the trial court attached to its order that portion of the record refuting Boutwell's allegation that no scoresheet was used at his sentencing.
However, with regard to Boutwell's allegations of ineffective assistance of counsel in grounds (4) and (5), Rule 3.850 requires that a moving defendant is entitled to an evidentiary hearing unless the trial judge attaches that portion of the case file or record which conclusively shows that the prisoner is entitled to no relief.
Boutwell alleged that his counsel was ineffective in failing to raise a defense of, or seek a jury instruction on, voluntary intoxication and specifically cited trial testimony to the effect that immediately prior to the killing he was drinking heavily and snorting cocaine. He also alleged that counsel should have sought to suppress his confession as coerced rather than on the technical ground of a lack of witnesses thereto. The trial court failed to hold an evidentiary hearing or to attach a copy of the portions of the file or record refuting these allegations.
We therefore reverse as to grounds (4) and (5) and remand this cause to the trial court for further proceedings consistent with Rule 3.850 and Chambers v. State, *800 530 So.2d 452 (Fla. 1st DCA 1988). Affirmed in part and reversed in part and remanded for further proceedings.
ERVIN, J., concurs.
NIMMONS, J., concurs in part and dissents in part.
NIMMONS, Judge, concurring in part and dissenting in part.
Boutwell asserts that he received ineffective assistance of counsel because his attorney did not defend on the ground of voluntary intoxication. In other words, Boutwell now suggests that he was too drunk on alcohol and cocaine to have been able to entertain the requisite specific intent in the shooting of the victim, Daryl James Gadson. However, at the trial, Boutwell was apparently perfectly satisfied with the presentation of the defense of mistaken identity; that is, the perpetrator of the shooting was someone else. In fact, in his 3.850 motion, Boutwell goes to some length in reciting the trial evidence which his motion says demonstrated that he was not the perpetrator.
The evidence may well have been sufficient for the defendant to have been entitled to an instruction on the defense of intoxication, the refusal of which might entitle the defendant to a new trial. But that is not the issue before us. Rather, the issue is whether the allegations of appellant's 3.850 motion, if true, make out a case of ineffective assistance of counsel. To suggest that defense counsel was incompetent or ineffective by failing to defend on the basis of both mistaken identity and voluntary intoxication is, in my judgment, ludicrous. I thought that we had laid this kind of approach to rest in Bland v. State, 563 So.2d 794 (Fla. 1st DCA 1990).
With respect to Boutwell's ineffective assistance assertion based upon counsel's failure to seek suppression of Boutwell's alleged coerced incriminating statements, I note that the trial court's order denying such motion fails to have attached to it the portions of the record which were apparently relied upon by the court. The pertinent portion of the order refers to "encls. 3-7," but no such documents are attached to the order or otherwise appear in the record on appeal. I would therefore concur with the remand as to that ground.