W. SHARP, Judge.
Gant argues the trial court should have granted his motion for judgment of acquittal because the state failed to prove the victim (Mills) had been put in “imminent fear” by Gant’s threatening him with a firearm. Gant was charged with robbery with a firearm.[1] However, the jury found Gant only guilty of the lesser included offense of robbery.[2] We affirm.
Mills testified at trial that he went for a bike ride through Winter Park, Florida, late at night (2:00 a.m.). He is a large man,[3] and is not usually concerned for his own safety. While walking his bike across an intersection, he was confronted by Gant, who asked what time it was.
Mills testified “|j]ust as quickly as that, he pulled out a weapon and said, ‘give me your money.’ ” Mills described it as a small hand gun. But he also testified it was dark, so he only saw the outline of the gun. Gant was then three and one-half to four feet away from Mills. Gant pointed the gun at Mills’ head.
Mills also testified he was afraid he was going to be shot. Mills had little money with him, and he considered it would not be enough to satisfy the robber. Mills recalled similar situations where people being held-up were shot.
Mills decided to run and get shot in the back trying to escape. He shoved the bicycle at Gant, turned and ran. Mills heard Gant yelling at him. Mills saw Gant continue to point the gun at him, as he sprinted back to Highway 17-92, approximately three-fourths *881 of a mile away. Mills testified he was in fear for his life.
We agree with the state that it presented sufficient evidence to sustain the jury’s necessary finding that Mills was'placed in fear of great bodily harm at the time he was robbed. The fact that the jury found Gant was not guilty of robbery with a firearm is not relevant to the charge of robbery. All the state must prove in such a case is that the victim was placed in fear of bodily harm. Taylor v. State, 138 Fla. 762, 190 So. 262 (1939); Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981); Rolle v. State, 268 So.2d 541 (Fla. 3d DCA 1972). The circumstances and Mills’ direct testimony in this case amply sustain the jury’s finding in this regard.
AFFIRMED.
COBB and GOSHORN, JJ., concur.

. § 812.12(2)(a), Fla.Stat. (1991).

. § 812.13, Fla.Stat. (1991).

.Mills is 6'4" and weighs 245 pounds.