443 So.2d 236 (1983)
Rene Ramous RODRIQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-570.
District Court of Appeal of Florida, Fifth District.
December 15, 1983.
Rehearing Denied January 10, 1984.
*237 Bruce A. Nants, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Appellant, Rene Rodriquez, was charged by information with robbery under section 812.13(2), Florida Statutes (1981) (Count I), and with grand theft, second degree, under section 812.014, Florida Statutes (1981) (Count II). The facts adduced at trial indicated that Rodriquez and two other males had robbed a convenience store in Orlando by force, carrying away a cash register (valued at $250) which contained less than $50 in cash. The jury returned guilty verdicts on both counts, and Rodriquez was subsequently adjudicated guilty of both robbery and grand theft, second degree. The trial court sentenced Rodriquez only on the robbery count, presumably on the authority of the extant rule at that time of State v. Hegstrom, 401 So.2d 1343 (Fla. 1981).
Rodriquez raises three points on appeal: the trial court's denial of proffered impeachment evidence, the trial court's denial of a motion for new trial based on newly discovered evidence, and a claim of double jeopardy in regard to the dual convictions. We find no merit in the first two arguments raised, and affirm the trial judge's rulings on those issues. We agree, however, that the conviction for the underlying felony of grand theft cannot stand.
In Missouri v. Hunter, ___ U.S. ___, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the United States Supreme Court considered whether the prosecution and conviction in a Missouri state court of a criminal defendant in a single trial on both a charge of "armed criminal action" and a charge of first degree robbery  the underlying felony  was violative of the Double Jeopardy Clause of the Fifth Amendment. The Missouri statute proscribing armed criminal action specifically provides:
[A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years. (Emphasis added.)
Mo.Stat.App. § 559.225 (Vernon 1979).
The United States Supreme Court noted that the Missouri Supreme Court, in Sours v. State, 593 S.W.2d 208 (Mo. 1980), had "acknowledged that the Missouri Legislature had expressed its clear intent that a defendant should be subject to conviction and sentence under the armed criminal action statute, in addition to any conviction and sentence for the underlying felony." 593 S.W.2d at 216. The Supreme Court then held that the Missouri State Legislature constitutionally could prescribe cumulative punishments for violation of its first degree robbery statute and its armed criminal action statute. Noting that the defense contention did not relate to multiple trials, but rather to multiple punishments for the same offense, the Supreme Court said:
With respect to cumulative sentences imposed in a single trial, the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.
*238 The Court noted that its recent decisions in Whalen[1] and Albernaz[2] both emphasized that clear legislative intent controls in the determination of whether cumulative punishments may be imposed in a single trial setting. Ultimately, the court concluded:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the `same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statute in a single trial.
103 S.Ct. at 679.
In the instant case it is readily apparent that the Florida Legislature did not contemplate cumulative punishments in its enactment of the robbery and theft statutes under which Rodriquez was charged, where there is only one taking of money by force. The crime here is singular  and it is robbery. As held by the United States Supreme Court in Whalen, in applying the Blockburger[3] test to the question of whether cumulative punishments for murder and rape are constitutionally permissible, the assumption is that the legislative body (in that case, Congress) ordinarily does not intend to punish the same offense under two different statutes. Such cumulative punishments are not authorized, said the Court, "in the absence of a clear indication of contrary legislative intent." Whalen at 691-92.
The emphasis placed by the United States Supreme Court upon legislative intent in applying the Blockburger test was recently recognized and utilized by the Florida Supreme Court in the case of Bell v. State, 437 So.2d 1057 (Fla. 1983). In that case the defendant Bell was charged by information with trafficking in illegal drugs, sale of a controlled substance, and possession of a controlled substance  all offenses arising out of one criminal incident. Bell was convicted and sentenced on all counts. Justice Adkins, writing for the majority in Bell, said:
The mere existence of two statutory offenses does not establish that the legislature intended each to be independently convictable and punishable when both are committed in a single course of conduct. In the present case, the legislature has codified the distinctly different statutory offenses of sale of illegal drugs and possession of illegal drugs. Also it has determined that another offense, trafficking in illegal drugs, is committed when either or both of the offenses of sale or possession of a certain amount of illegal drugs is effected. By including sale and possession of drugs within the trafficking statute, it is apparent that the legislature intended to facilitate trafficking prosecutions through the use of alternative methods of proof rather than attempting to provide for multiple convictions and punishments for criminal conduct which is basically unitary.
437 So.2d at 1060.
The Florida Supreme Court then receded from any implications in prior decisions (Hegstrom, Monroe, Thompson)[4] that there could be multiple convictions for lesser included offenses in a single trial setting. The court held:
That once it has been established that an offense, whether charged or not, and whether in single or separate proceedings, is a lesser included offense of a greater offense also charged, then the double jeopardy clause proscribes multiple convictions and sentences for both the greater and lesser included offenses.
Id. at 1061. Accordingly, the trafficking conviction was affirmed, and the convictions for sale and possession were reversed.
*239 In the subsequent case of State v. Getz, 435 So.2d 789 (Fla. 1983), the Florida Supreme Court again recognized that legislative intent is the touchstone of a Blockburger analysis relating to double jeopardy. In upholding a defendant's separate convictions for petit theft and grand theft of a firearm, under section 812.014, Florida Statutes (1981),[5] during the course of one burglary, the Supreme Court said:
It is clear from a reading of section 812.014 that the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses.
At 791. Clearly, theft of a firearm, irrespective of its value, was intended by the Florida Legislature to be treated as a separate theft distinct from the theft of other types of property. In the instant case, we do not find any provision in the robbery or theft statutes to indicate the expression of a legislative intent that punishments therefor are to be cumulative.
The dissent in the instant case attempts to evade the import of the Hunter, Bell and Getz decisions by distinguishing grand theft from petit theft on a limited Blockburger analysis, the distinction being the amount of money involved in the underlying theft. This is a distinction without a substantive difference.
It is elementary that, once convicted of petit theft for stealing money, a defendant cannot again be convicted of grand theft and sentenced twice where there has been only one conversion of a single sum of money. As stated in Mahaun v. State, 377 So.2d 1158 (Fla. 1979), "where the underlying crime is an element of the greater offense, the defendant may be convicted and sentenced only for the greater of the crimes." See also State v. Pinder, 375 So.2d 836 (Fla. 1979); Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981); Muszynski v. State, 392 So.2d 63 (Fla. 5th DCA 1981); Harkins v. State, 380 So.2d 524 (Fla. 5th DCA 1980). Since there was only one taking of property in the instant case, the underlying theft was a necessarily lesser included offense of the charged robbery. Once the underlying theft conviction is used to support Rodriquez' conviction for robbery, that same theft, even in a greater degree, cannot be used for an independent, cumulative conviction and sentence  in the absence of a clear legislative intent to the contrary. Hunter, Whalen, Albernaz.
This court previously has recognized that the underlying theft of property supporting a conviction of robbery, even though that theft be grand theft, is a necessarily lesser included offense of the robbery. Perkins v. Williams, 424 So.2d 990 (Fla. 5th DCA 1983); Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), review denied, 412 So.2d 470 (Fla. 1982). See also McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979). We reaffirm that holding and, therefore, reverse the defendant's conviction for grand theft. The conviction and sentence for robbery is affirmed.
AFFIRMED in part; REVERSED in part.
ORFINGER, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Rodriquez was charged in count one with robbery (§ 812.13(2)(c), Fla. Stat.) and in count two with second degree grand theft (§ 812.014(2)(b), Fla. Stat.). The factual basis for the charges was that Rodriquez and another robbed a Majik Mart in Orlando and by force, violence, assault or putting the store clerk in fear, took the store cash register and contents which were of a value over $100. Rodriquez was charged, tried, found guilty and convicted of both *240 charges but was sentenced only on the robbery charge.
On appeal Rodriquez argues that constitutional double jeopardy prohibits his charge, trial and conviction of both offenses because the factual events upon which each charge was based arose out of, or occurred during, a single criminal incident, transaction or episode and, further, because, he claims, grand theft is a lesser included offense of robbery. The majority opinion agrees with this argument. The State argues that under State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), Rodriquez could be charged, tried and convicted of both offenses but could be sentenced only on the one offense with the greater penalty, being robbery. I can agree with neither argument.

I. DOUBLE JEOPARDY-THE PROBLEM.
The double jeopardy clauses of the state and federal constitutions prohibit a person from being twice put in jeopardy for "the same offense." When a person has been charged with two offenses it is sometimes claimed that double jeopardy prohibits the prosecution as to both offenses because they are, in substance and effect, "the same offense." This claim presents a double jeopardy "identity of offenses" problem. Jeopardy occurs with the commencement of the trial on criminal charges. A criminal prosecution (meaning the filing of formal criminal charges and their trial) constitutes the bringing together of the law (the statutory offense) and facts that are alleged to have violated the statutory prohibition. Therefore, an "offense" for which a person can be placed in jeopardy has both a legal and a factual aspect which, to be understood, must be carefully distinguished and separately analyzed. In this type of case the legal problem relates to the construction of the meaning and effect of the constitutional double jeopardy clauses and requires that the two statutory offenses and the two charges be analyzed and compared to determine whether in constitutional contemplation they are "different" in law or fact, in which case the defendant can be tried for both, or whether they are "the same offense" in law and fact, in which case the defendant cannot be prosecuted on both charges. As a practical matter this problem is most often raised when the two charges are based on facts that occurred close together in point of time and space and are interrelated.

II. ANALYSIS OF STATUTORY OFFENSES AND CRIMINAL CHARGES FOR DOUBLE JEOPARDY PURPOSES.
Procedural steps for a correct analysis of statutory offenses and of criminal charges to solve a double jeopardy-identification of offenses problem are as follows:

1. DETERMINATION OF THE ELEMENTS OF EACH STATUTORY OFFENSE.
Every criminal (statutory) offense is entirely composed of certain essential basic components or constituent elements. The essence or substance of a particular statutory offense is its essential constituent elements, as distinguished from its name, phraseology, statutory section number, the penalty or other matters of form. Of course, every statutory offense exists on the statute books in the abstract entirely separate and distinct from any particular set of facts that may be alleged to have violated the proscription of the statutory offense.
The first or threshold step is to substantively identify each offense. This is done by carefully listing all of the essential constituent elements of each of the two statutory offenses in question. This step is of vital importance and while it appears simple many recent cases demonstrate that there is much confusion as to what is an element and much difference of opinion as to the essential elements of many common law crimes as well as modern statutory offenses.[1] Although constitutional questions *241 as to definiteness and breadth and encroachment on individual rights may be incidentally involved, the intent of the legislature is of prime concern in the legal problem of determining the essential elements of a particular statutory offense and constitutional construction of the double jeopardy clause, as such, is not involved.

2. ANALYSIS OF THE ELEMENTS OF TWO STATUTORY OFFENSES TO DETERMINE SUBSTANTIVE DIFFERENCE OR SAMENESS.
The abstract principle of law applied in Borges v. State, 415 So.2d 1265 (Fla. 1982), is:
If two statutory offenses do not have the exact same essential constituent elements and neither statutory offense includes all of the elements of the other, those two offenses are not constitutionally "the same offense" and a person can be put in jeopardy as to both of such offenses even if the two offenses are based on one and the same factual event.[2]
The principle in Bell v. State, 437 So.2d 1057 (Fla. 1983), is actually the converse of the principle in Borges and is:
If two statutory offenses have the exact, same essential constituent elements, or when one statutory offense includes all of the elements of the other, those two offenses are constitutionally "the same offense" and a person cannot be put in jeopardy as to both such offenses unless the two offenses are based on two separate and distinct factual events.
The elements of statutory offenses can be related to each other in four basic ways:
(1) Each of two statutory offenses may have, in substance, the exact same essential constituent elements. This is rare and is probably never intended by the legislature but it can occur.[3]
(2) One statutory offense may include all of the elements of the other plus one or more additional elements.[4]
(3) Each of two statutory offenses may share one or more elements in common yet each may have one or more elements that the other offense does not have.[5]
*242 (4) Two statutory offenses may have no elements in common.
Under a substantive analysis of elements statutory offenses bearing the relationship to each other described in categories (1) and (2) are, substantively and constitutionally, "the same offense" and a person may not be put in jeopardy as to both of such offenses unless each prosecution is based on two separate and distinctly different factual events.
Conversely, statutory offenses bearing the relationship to each other described in categories (3) and (4) are substantively different and, therefore, are not "the same offense." Accordingly, without violating double jeopardy a person can be put in jeopardy as to each of two such different offenses although the charges relating to both offenses arose out of, or occurred during, one and the same factual event.
The comparison of the elements of two statutory offenses as described in this step is made as a purely theoretical and abstract matter, absolutely without reference to the factual basis for the charges alleged or the proof available for trial, and, if it reveals that the two statutory offenses involved are theoretically and substantively "different," they can never be "the same offense" and the double jeopardy inquiry is ended because two prosecutions based on two such different statutory offenses never constitute double jeopardy and a person can always constitutionally be prosecuted for a violation of both of such offenses completely without regard to the factual basis for the prosecution for the alleged violations of such offenses.
On the other hand, if this step of analysis reveals the two compared statutory offenses are in substance "the same offense" the double jeopardy inquiry must continue one step further to analyze the factual basis for the two prosecutions.

3. ANALYSIS TO DETERMINE IF THERE IS A DIFFERENT FACTUAL BASIS FOR TWO PROSECUTIONS FOR "THE SAME OFFENSE".
Because it is obvious that a person can, constitutionally, be prosecuted any number of times for violating the same statutory offense on different occasions it follows that even if two criminal prosecutions (charges and trials) are based on statutory offenses which under the analysis described in the preceding step, are in constitutional substance "the same offense," there is no double jeopardy bar to multiple prosecutions if each is based on a separate and distinctly different factual event. This constitutes the factual aspect of the term "the same offense" in the double jeopardy clauses.
The analysis for determining substantive sameness or difference in the factual events supporting two criminal prosecutions should proceed by analogy to the analysis for determining sameness or difference as to the two statutory offenses as described in preceding step and results in this principle: there is no double jeopardy if each of two prosecutions requires proof of at least one fact that the other prosecution does not require.[6]
*243 The most common error in double jeopardy analysis is to omit analysis of the elements of the statutory offenses for substantive difference and to go directly to an examination of the facts and to then equate double jeopardy with a finding that (a) the allegations in the charges as to each of two prosecutions relies on one or more of the same facts or, worse, (b) that some of the facts offered as proof at trial supported both of two criminal charges. In addition to erroneously analyzing the facts supporting charges as to substantively different offenses, this is a serious mistake. It is faulty thinking because it misunderstands that it is a factual difference in each of two prosecutions that avoids double jeopardy. When the objective is to identify and separate items, whether statutory offenses, factual events or seashells, one or more similar characteristics in each of two items do not make them identical, indistinguishable or "the same" whereas one difference in each item does serve to distinguish it from all other similar items. The usual result of this faulty reasoning is to erroneously equate double jeopardy with a finding that "each charge is but a facet of a single criminal transaction or episode" or words of similar import which is, whether recognized or acknowledged as such, actually an application of the so-called "single transaction rule." That court devised rule was to the effect that when multiple crimes were committed in a single criminal transaction or episode the perpetrator could be convicted for each separate crime but he could be sentenced only for the one crime with the greatest penalty. Because the single transaction rule protected the criminal who committed multiple crimes at one time from multiple punishments in a manner far beyond constitutional double jeopardy protection courts, enamored with the single transaction rule, long avoided judicial consideration of true double jeopardy principles. By enacting section 775.021(4), Florida Statutes (1981), the legislature undertook to abolish the single transaction rule by directing that separate sentences be imposed on each criminal offense of which a person has been lawfully convicted. The difficulty is that various criminal procedural rules, practices and concepts devised to implement and accommodate that rule continue in existence and influence and cause errors in double jeopardy decisions.[7] To paraphrase *244 Lord Mansfield: "The single transaction rule we have buried but it rules us from the grave."
It follows, therefore, that there is no double jeopardy impediment to trial, conviction and punishment for each of two statutory offenses (1) when the two statutory offenses are legally, substantively and constitutionally "different" whether they arise out of the same factual event or not, and (2) even when the two statutory offenses are legally, substantively and constitutionally "the same offense" if each is based on a separate and distinctly different factual event. Therefore it further follows that double jeopardy prohibits prosecution (trial, conviction and punishment) for both of two statutory offenses only when both are constitutionally "the same offense" and this occurs only when such offenses are "the same offense in law and in fact," meaning when both statutory offenses have the exact same essential constituent elements, or one offense includes all of the elements of the other, and both prosecutions are based on one and the same factual event.[8]
A conclusion reached pursuant to the above three step analysis of the legal aspects of statutory offenses and of the factual aspects of multiple criminal charges ends the constitutional double jeopardy inquiry in cases involving the identity of offenses. This is so because if double jeopardy bars a second prosecution for what is "the same offense" there obviously need be no concern about a separate conviction or punishment as to the second criminal charge and, conversely, if double jeopardy does not bar two prosecutions of substantially different offenses there is no constitutional impediment as to two separate convictions and two separate sentences.

III. THIS CASE  SOME BACKGROUND.
The substantive test of statutory offenses and of the factual basis for multiple prosecutions for sameness or difference is the only valid one. Inherently, however, the test is only as simple and easy as the statutes and the facts are clear and certain. Substantive analysis becomes much more difficult as the elements of statutory offenses and as allegations and proof relating to violations become vague and indefinite. In this case the distinction between the element of force in robbery and the element of value or character of property in grand theft should be clear and easy to comprehend. However, substantive analysis is exceptionally difficult in a few instances primarily because of vagueness inherent in the elements and proof of some offenses. Crimes of a continuing nature, attempts, solicitation, and conspiracy are examples. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), involved two conspiracies. Other offenses seem to confound substantive analysis because of peculiar legal relationships between the offenses or their elements. Some such offenses are degree crimes (one offense that can be committed in different ways) and certain types of offenses which by definition are ancillary to other offenses and require the existence of some underlying offense, such as felony murder and the commission of another offense by use of a firearm (§ 790.07, Fla. Stat.). Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), State v. Hegstrom, 401 So.2d 1343 (Fla. *245 1981), and State v. Pinder, 375 So.2d 836 (Fla. 1979), all involved felony murder and its underlying offense. Missouri v. Hunter, ___ U.S. ___, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Downs v. State, 438 So.2d 1057 (Fla. 4th DCA 1983), Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), rev. granted, Nos. 63,135 (Baker v. State) and 63,269 (State v. Baker) (oral argument set for December 8, 1983), involved statutes prohibiting the use of a firearm in the commission of another offense and the other, underlying, offense. Substantive analysis in these difficult cases have so frustrated some federal courts that they have, with resignation, stated that too much is expected of the double jeopardy clause and, concerning themselves only with due process and whether cumulative punishment can be imposed following multiple convictions in a single trial setting, have concluded that problem is merely one of construing penal statutes for their legislative intent. Fortunately our Florida Supreme Court in Bell v. State, recognized that the need, and constitutional right for protection from double jeopardy, and the analytical reasoning to provide it, is the same in dual prosecutions in a single trial setting as it is in the tandem prosecutions of sequential trials and declined to legitimatize a practice that would subordinate constitutional double jeopardy rights of citizens of Florida to the discretion of prosecutors and trial judges and of the court rule making power and legislative authority exercised in the control of whether multiple criminal charges are joined in one charging document[9] and whether multiple criminal charges made in separate charging documents are consolidated for one trial.[10]Bell further recognizes that interpretation of constitutional rights by the judiciary is, and must be, entirely independent of the legislative intent involved in designating the elements of statutory offenses and in prescribing the penalty or punishment for their breach.

IV. THIS CASE  THE MAJORITY VIEW.
The majority opinion construes the federal cases cited to mean that whether or not two criminal charges alleging the violation of two statutory offenses relate, in substance, legally and factually, to "the same offense" within constitutional contemplation is no longer a matter of judicial interpretation of the constitutional double jeopardy clause based on analysis of the elements of the statutory offenses and the facts upon which multiple criminal charges are based but is now only a matter of judicial interpretation of the intent of the legislature to be gleaned from statutes relating to penalties and punishment. The dissent cannot agree with this view.[11] However, this is not the only difference that separates the two views in this case. The majority opinion in effect finds and holds that grand theft is a lesser included offense of robbery (category two in the analysis in II.2 above) and, therefore, that the two statutory offenses are substantively the same. That conclusion, if correct, would itself, under Bell, result directly in a reversal of one conviction on the ground that double jeopardy bars the prosecution of both offenses because in this case both charges are based on a single factual event. However, instead of sticking with that position the majority opinion reverses directions at this point, moves laterally, and considers and relies on the federal cases cited to hold that it makes no constitutional difference that the two statutory offenses are the same because the two charges that the two statutes are being violated were tried in a single trial and holds that the *246 only question for judicial decision is whether the legislature intended that separate punishments (sentences) be imposed as to both robbery and grand theft. After finding no legislative intent in Florida for such cumulative punishment instead of continuing to follow the majority opinion's understanding of the federal cases cited and allowing the second conviction obtained in a single trial to stand but without a sentence, as was done in Hegstrom, the majority opinion, claiming to follow Bell, again changes directions and reverses Rodriquez' grand theft conviction.

V. THIS CASE  THE VIEW OF THE DISSENT.
One essential constituent element of statutory robbery (§ 812.13(1), Fla. Stat.) is that the taking of the property of another be "by force, violence, assault, or putting in fear." This "force" element is not an essential element of statutory grand theft (§ 812.014(2)(b), Fla. Stat.). On the other hand one essential constituent element of statutory grand theft is that the property stolen be of a certain value or character (§§ 812.014(2)(a) and (b), Fla. Stat.).[12] This "property value or character" element is not an element of statutory robbery. Therefore each offense does have at least one element the other offense does not have.[13] Accordingly, neither is a true or necessarily lesser included offense of the other.[14] The substantive double jeopardy test for difference of offenses is passed, thus, constitutionally, the two offenses are *247 not "the same offense" and it is immaterial that the two charges arise out of the same factual event or that they were tried together or what the penalty is for the violation of each offense. Accordingly, the relationship between the elements in robbery and those in grand theft is as in category 3, and not 2 of the analysis in II.2 above, therefore, Borges, and not Bell, applies and double jeopardy does not prevent prosecutions, convictions or punishments as to both robbery and grand theft of the same property at the same time.
While the constitution prohibits a second prosecution as to two offenses which are "the same offense" the constitution does not require two prosecutions or punishments where two offenses are not the same. Therefore, at this point the next question (unnecessarily considered by the majority opinion under its rationale because it voided one conviction) is whether separate sentences should be imposed on each of the two constitutionally valid convictions. This question of punishment or penalty where the constitution permits multiple prosecutions is purely one of legislative intent. However, on this point, the dissent and the majority opinion again differ. It is immaterial to Florida law that the United States Supreme Court in Whalen found that the U.S. Congress, in an act governing the District of Columbia, did not intend to impose punishment for the underlying felony when punishment was imposed for felony murder (a statutory single transaction rule) or that the United States Supreme Court in Albernaz found that the U.S. Congress did intend to permit the imposition of consecutive sentences under two sections of the United States Code prohibiting conspiracy to import marijuana and also prohibiting conspiracy to distribute marijuana or that the United States Supreme Court in Missouri v. Hunter found that the Missouri legislature intended that punishment under a Missouri armed criminal action statute be imposed in addition to punishment for the underlying felony. Both before and after it was amended effective June 22, 1983, section 775.021(4), Florida Statutes, was a clear expression of intent on the part of the Florida legislature that a separate sentence is to be imposed on every separate conviction that is constitutionally permitted.
Because of ingrained past custom in Florida criminal law practice and procedure the conclusion in this dissent will appear strange and erroneous to many. To explain further: to effectuate the "single transaction rule" long ago in Florida it became customary to allege closely related facts charging the violation of two or more substantively different statutory offenses in but one count of a charging document and to permit the jury to convict as to but the one offense with the greater penalty of which the jury was convinced of guilt beyond a reasonable doubt. Contrarily the *248 legislature has now directed that a separate sentence be imposed as to each conviction (§ 775.021(4), Fla. Stat.) and there is now a legislative scheme grading the crime of theft into different theft offenses with different penalties based on varying aggravating circumstances commonly involved in the theft of property. The gravamen of the misdemeanor offense of simple statutory theft (§ 812.014(1), Fla. Stat.) is the wrongful obtaining or using of the property of another. If the property wrongfully obtained or used is of specified value or is of some special character the offense is grand theft (§§ 812.014(2)(a) and (b), Fla. Stat.) and the penalty provided is greater than for petit theft. The taking of the property of another by force is even more harmful to society than the taking of property of special value or character and the penalty is even greater (robbery, § 812.13, Fla. Stat.) than that for grand theft. The legislative intent is that (1) one may choose to wrongfully take property of little value (petit theft) at a small penalty or (2) property of greater value or of special character at a greater penalty (grand theft) or (3) property of less value by force (robbery) at a even greater penalty and that (4) when one wrongfully takes property of greater value or of special character by force the wrongful act is doubly aggravated and the offender should face the penalties provided for both aggravated offenses (robbery and grand theft) because of the value or special character of the property involved and because of the force involved in its taking. Of course, one may choose not to wrongfully obtain, use or take the property of another at all and avoid all penalty.
The dissent would affirm both convictions and remand with directions that the trial judge follow the legislative mandate of section 775.021(4), Florida Statutes, and impose a separate sentence as to each conviction.

IV. DOUBLE JEOPARDY  THE FUTURE.
Judicial analysis of the recent decisional law on double jeopardy has been likened to navigating the Sargasso Sea  a sea of floating entangled seaweed. This results because recent cases have ceased construing the language and intent of the constitutional double jeopardy clauses and analyzing the criminal charges (the statutes and the facts) for substantive sameness or difference and have entangled themselves in a Gordian knot by only construing the language in other cases, which only construed the language in other cases, which only, et cetera, et cetera, et cetera. What has been needed is one clear theory marking a fair, logical and consistent line dividing those cases falling within, from those cases falling outside of, the constitutional proscription against double jeopardy. The substantive analysis urged in this dissent, and previously repeated advocated,[15] is an hypothesis based on the purpose and meaning of the constitutional phrase "the same offense" and it affords a logical, theoretical basis for double jeopardy analysis of "identity of offense" problems. The single theory of substantive differences in the elements of statutory offenses and in the factual bases for criminal prosecutions is not subjective or result oriented and alone provides the definite procedural steps (machinery) for objective analysis, as outlined above, which can assure the needed, but recently unprovided, consistency in judicial decisions in double jeopardy cases. When the legal question is whether two criminal charges relate to one and "the same offense" or to two different offenses the substantive analysis of the elements of statutory offenses and of the facts upon which the claimed violations are based as described above is the only theory that meets the need and provides a consistent, *249 objective means to balance the competing interests and establish, case by case, a clear line of demarcation between the constitutional protection from governmental efforts to repetitiously charge and try a citizen for what is actually the same crime and the public interest in deterring criminal conduct by prosecuting and punishing an offender for each and every separate crime committed. The two recent Florida Supreme Court cases of Borges and Bell adopt and correctly apply the two basic principles of the substantive analysis theory and jointly serve well to monument and document the true line which separates and distinguishes criminal charges which are substantively different, as in Borges, from those which are substantively "the same offense," as in Bell. Acceptance of, and faithful and conscientious judicial adherence to, the principles of the substantive analysis theory for interpretation of the double jeopardy clause of the constitution of the State of Florida, and the expressed intent of the legislature that separate sentences be imposed on all constitutionally obtained convictions, will serve the citizens of the State of Florida well and will eliminate many of the problems which have too long confused this area of the law.
NOTES
[1] Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
[2] Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); State v. Monroe, 406 So.2d 1115 (Fla. 1981); State v. Thompson, 413 So.2d 757 (Fla. 1982).
[5] Paragraph (1) of section 812.014 defines the crime of theft as follows:

(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
[1] See, e.g., State v. Dunmann, 427 So.2d 166 (Fla. 1983); Bell v. State, 394 So.2d 979 (Fla. 1981); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983); the dissent in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983); Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). See also State v. Gray, 435 So.2d 816 (Fla. 1983); Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983).
[2] See also State v. Cantrell, 417 So.2d 260 (Fla. 1982).
[3] See Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
[4] A lesser included offense is a criminal offense all of the essential elements of which are entirely included in the essential elements of another (greater) offense having a greater number of elements. This is the substantive relationship between a greater offense and a true or necessarily lesser included offense and is described as the old category three of Brown v. State, 206 So.2d 377 (Fla. 1968), and the new category one of the schedule of lesser included offenses approved for use in Standard Jury Instructions in Criminal Cases by the Florida Supreme Court, Nos. 56,734, 58,799 (Fla. April 16, 1981) [1981 FLW 305]. For an example of this category and its proper treatment for double jeopardy purposes, see Bell v. State, 437 So.2d 1057 (Fla. 1983).
[5] Facts alleging the violations of each of two substantively different offenses such as are described in this category, are sometimes combined together in one criminal count. Combining such offenses together in one count merely because both criminal charges involve related facts is never required by criminal law pleading and combining them does not change the substantive relationship between the statutory offenses or make one in substance a lesser included offense of the other. However, under the single transaction rule one offense was considered greater or lesser than another if it had a greater or lesser penalty than the other. This concept was applied to the combination of two different offenses in one count and called a permissive lesser included offense and described in category four of Brown v. State and continued as category two of the present schedule of lesser included offenses approved by the Florida Supreme Court. However, because such offenses are substantively different they can never be "the same offense" within the meaning of constitutional double jeopardy. For examples of this category and their proper treatment for double jeopardy purposes, see State v. Cantrell, 417 So.2d 260 (Fla. 1982); Borges v. State, 415 So.2d 1265 (Fla. 1982); Taylor v. State, 138 Fla. 762, 190 So. 262 (1939); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); Preston v. State, 397 So.2d 712 (Fla. 5th DCA 1981); Ziegler v. State, 385 So.2d 1168 (Fla. 1st DCA 1980), rev. den., 392 So.2d 1381 (Fla. 1980); State v. Conrad, 243 So.2d 174 (Fla. 4th DCA 1971).
[6] In order to understand the dual nature of double jeopardy substantive analysis, the three step analysis described above is often necessary and always recommended. However, as a highly technical matter, the same result can be reached, if done with care and comprehension, in a one step application of the proposition that double jeopardy does not bar two prosecutions if each requires proof of a fact that the other does not. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Taylor v. State, 138 Fla. 762, 190 So. 262 (1939). The reason for this is that in proper criminal pleading and trial practice there is an exact parallel agreement between each element of a statutory offense and some ultimate fact alleged in the charging document and some evidentiary fact submitted at trial to establish the corresponding ultimate fact alleged to establish the element of the offense. A criminal charge does not require proof of facts that, while alleged, are superfluous in that they are not made essential by the definition of the offense. When each of two prosecutions in fact requires proof of a fact that the other does not it results from one, or the other, or both, of two entirely different situations, either of which avoids the applicability of double jeopardy. First, if each statutory offense that is the subject of the two prosecutions has an element that the other statutory offense does not have (i.e., each is substantively different) proof of each such differing element in each prosecution will require proof of a fact the other prosecution will not require. On the other hand if each statutory offense that is the subject of the two prosecutions is substantially "the same offense," then the fact that each prosecution requires proof of a fact that the other does not signifies that each of the two prosecutions is based on a substantively different set of facts. For either reason, or both, double jeopardy does not apply when each of two criminal charges requires proof of an elemental or atomic fact that the other does not require.
[7] Some of the procedural rules and practices which served to implement and accommodate the single transaction rule are: (1) Florida Rule of Criminal Procedure 3.150(a) and 3.151(a), which permit the joinder and consolidation of offenses which are based on the same act or transaction or on two or more connected acts or transactions. Rule 3.151(b) permits the State to consolidate for trial all charges as to "related offenses" and Rule 3.151(c) in effect requires a dismissal of unjoined related offenses. (2) While the joinder in one charging document of multiple counts charging multiple, substantively different, crimes serves a good purpose the practice of alleging closely related facts charging the violation of two or more substantively different statutory offenses in one count of a charging document is an abomination to good pleading practice and serves only the philosophy of the single transaction rule. This practice puts a person in jeopardy as to the multiple different offenses alleged in the one count but prevents the jury from convicting as to more than one offense and thereby unjustly extends to the multiple offender constitutional protection from the multiple convictions and punishments which the commission of multiple separate and different offenses justly deserve. This practice was formalized, memorialized and perpetuated by the category four jury verdict alternative in Brown v. State, 206 So.2d 377 (Fla. 1968), and has been retained as category two of the schedule of lesser included offenses approved for use in Standard Jury Instructions in Criminal Cases, Nos. 56,734, 58,799 (Fla. April 16, 1981) [1981 FLW 305]. (3) Under the single transaction rule the comparative penalties of the multiple statutory offenses involved were accorded paramount importance over the comparative numbers of similar or dissimilar elements of the statutory offenses involved, because, unlike the double jeopardy clause, that rule made no distinction between offenses that were substantively the same or substantively different if they all occurred in the same criminal transaction or episode. The penalty for an offense is not an element of that offense and is therefore not a part of the substantive definition or identity of that offense. Thus the penalty aspect of statutory offenses became, and remains, an erroneous consideration and influence in the substantive analysis of statutory offenses for constitutional purposes. See n. 7 to the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). All of these matters should be recognized for what they are and their effect on criminal practice and procedure and decisions in constitutional cases should be eliminated as contrary to the public policy embodied in the constitutional double jeopardy clauses and in the legislative policy expressed in section 775.021(4), Florida Statutes.
[8] Cases finding double jeopardy because a substantive analysis resulted in a finding of substantive sameness in both the statutory offense and the factual charges include Bell v. State, 437 So.2d 1057 (Fla. 1983); Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
[9] See Fla.R.Crim.P. 3.150(a).
[10] See Fla.R.Crim.P. 3.151(a) and (b).
[11] Although legislative intent controls as to the elements of offenses and as to separate or accumulative punishment for violation of multiple crimes it has absolutely nothing to do with interpretation of the double jeopardy clauses of the state and federal constitutions or as to the judicial analysis involved in such interpretation. Any suggestion that judicial analysis of offenses in criminal charges for constitutional purposes is subject to, or should be controlled by, the intent of the legislature is to utterly disregard the separation of powers doctrine upon which our constitutional form of government was founded and to totally abdicate the high duty of the judiciary to uphold individual constitutional rights of the people safe from control or encroachment of the government.
[12] There has been a distinction in English and American common law between grand and petit larceny based on the value of the property stolen since the statute of Westminister I, ch. 15 in the year 1275 made it grand larceny when the goods stolen exceeded twelve-pence, and petit larceny when the value was only twelve-pence or less. Stat.West. I, ch. 15 (3 Edw. I); I Hale, P.C. 530; I Hawk.P.C., ch. 33, sec. 34; II East P.C. 736; 2 Burdick, Law of Crime, sec. 554 (1946). This statute became a part of the common law adopted by the State of Florida (§§ 2.01 and 775.01, Fla. Stat.), and the distinction based on value or the nature of certain classes of property is still a part of the statute defining grand theft, §§ 812.014(2)(a) and (b), Fla. Stat. Accordingly, it has been uniformly held that an essential element of grand larceny is the value or nature of the property stolen. See, e.g., Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981) ("The value of the property taken must be established as an essential element of the crime of grand larceny.") See also Butler v. State, 354 So.2d 437 (Fla. 3d DCA 1978); Johnson v. State, 353 So.2d 889 (Fla. 3d DCA 1978); Spencer v. State, 217 So.2d 332 (Fla. 4th DCA 1968); Todd v. State, 187 So.2d 908 (Fla. 3d DCA 1966). The value or nature of the property stolen is such a distinct and separate element of grand larceny (grand theft) that if that element is alleged as being property of the peculiar nature recognized by statute to always be the subject of grand larceny, then petit larceny is not even a lesser included offense of the charged grand larceny, Johnson v. State, 380 So.2d 1024 (Fla. 1979), and a defendant who takes, at one time, property the peculiar subject of grand larceny (such as a firearm) and other property of value commits two separate and distinct offenses because "different elements are required to be proved for petit theft and grand theft of a firearm." State v. Getz, 435 So.2d 789 (Fla. 1983).
[13] In statutory theft (§ 812.014, Fla. Stat.) the Florida legislature has eliminated the caption (taking) and asportation (moving or carrying away) elements of common law larceny in favor of one alternative act element relating to one who "obtains or uses." However, statutory robbery appears to still require a "taking" and to have other aspects of common law robbery. The robbery statute (§ 812.13(1), Fla. Stat.) still refers to "larceny" and does not refer to statutory theft (§ 812.014, Fla. Stat.). The definition of robbery does not change with every change in the theft statute. Accordingly while the 1982 legislature eliminated the necessity of an intent to permanently deprive in statutory theft (chapter 164, Laws of Florida, 1982) (following the decision in State v. Dunmann, 427 So.2d 166 (Fla. 1983), an intent to permanently deprive required at common law may remain an element of robbery. See Bell v. State, 394 So.2d 979 (Fla. 1981). Therefore, there may be other elemental differences between statutory robbery and statutory grand theft in addition to the "force" and "property value or character" elements relied on in this opinion.
[14] Perkins v. Williams, 424 So.2d 990 (Fla. 5th DCA 1983); Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), review denied, 412 So.2d 470 (Fla. 1982), and McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979), cited in the majority opinion merely stated or assumed without analytical reasoning that grand larceny was a lesser included offense of robbery. As the above analysis demonstrates that proposition is erroneous. The error appears to go back to Brown v. State, 206 So.2d 377 (Fla. 1968), the famous "lesser included offense" case. The court there held that larceny is necessarily included in the crime of robbery but it did not compare the elements of grand larceny with those of robbery or consider that grand larceny has a specific element relating to the value or character or nature of the property stolen that substantively distinguishes that offense from both petit larceny and robbery. McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979), without further analysis, applied the holding in Brown to a grand larceny case, and Castleberry followed McClendon. Perkins cited Brown holding that grand theft was a necessarily lesser included offense of "the charged robbery"  "Since there was only one taking of property in the instant case." The quoted language clearly shows that the analysis of whether the grand larceny charged was or was not the same offense as a robbery as charged was being made on the facts in the particular case and not substantively by an abstract comparison of the elements of the two offenses. Perkins is thus an example of the classic error in double jeopardy analysis alluded to in the text above following note 6. McClendon is another example of an unconscious application of the old single transaction rule to double jeopardy analysis. This can be seen from the conclusion and language in that case, "a defendant cannot be sentenced on lesser included offenses arising out of the same criminal transaction as the higher offense" and "... the evidence showed that the items listed in the grand larceny count were taken during the same continuous sequence of events, McClendon, p. 1162. Accordingly, this court should get right and recede from Perkins and Castleberry to the extent they erroneously state that grand larceny is a necessarily lesser included offense of robbery.
[15] More background detail with case citations on the subject of substantive analysis of statutory offenses and of criminal charges for constitutional purposes is contained in the dissent in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983); the dissent in Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983); the dissent in Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982); the special concurring opinion in Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982); Monarca v. State, 412 So.2d 443 (Fla. 5th DCA 1982); the concurring/dissenting opinion in Bell v. State, 411 So.2d 319, 320 (Fla. 5th DCA 1982); Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).