FRANK D. UPCHURCH, Jr., Judge.
Ards appeals his convictions for grand theft and resisting arrest without violence. The evidence at trial revealed that a person disguised as a woman and identified at trial as Ards, pointed a gun at a man who had picked him up while hitchhiking and took over $900 from the victim.
Ards contends that the trial court erred in excluding certain defense testimony. In particular, Ards sought to introduce his own testimony that one Blaine Schuller had told him that Anthony Ray Hicks had told him that he had stolen $900. Ards also sought to introduce the testimony of Wilbur Vareen that Hicks had told him he had “clipped a trick” for $900. Prior to trial, defense counsel attempted to depose Hicks and Schuller but they failed to appear. Ca-piases were issued for their arrest, but neither one was located.
Section 90.804(2)(c), Florida Statutes (1983) pertains to the declaration against interest hearsay exception and renders admissible the following statements if the declarant is unavailable:
A statement which, at the time of its making, was so far contrary to the de-clarant’s pecuniary or proprietary interest or tended to subject him to liability or to render invalid a claim by him against another, so that a person in the declar-ant’s position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement. A statement or confession which is offered against the accused in a criminal action, and which is made by a eodefendant or other person implicating both himself and the accused, is not within this exception.
There is no doubt that Hicks’ purported statements were declarations against interest and that both Hicks and Schuller were unavailable. We agree with the trial judge, however, who concluded after meticulous consideration that the corroborating circumstances surrounding the statements were ambiguous, unreliable and not trustworthy. Compare Chambers v. Mississippi, 410 U.S. 284, 95 S.Ct. 1038, 35 L.Ed.2d 297 (1973); United States v. Katsougrakis, 715 F.2d 769 (2d Cir.1983), cert. denied, — U.S. -, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984). See generally United States v. MacDonald, 688 F.2d 224 (4th Cir.1982), cert. denied, 459 U.S. 1103, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983); United States v. Bagley, 537 F.2d 162 (5th Cir.1976), cert. denied, 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977).
The other points raised by Ards have no merit.
AFFIRMED.
*381 SHARP, J., concurs.
COWART, J., dissents with opinion.