492 So.2d 833 (1986)
Richard B. BING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1745.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Jim Easley and Belle B. Turner, Asst. Attys. Gen., Daytona Beach, for appellee.
COBB, Judge.
Bing appeals his convictions for robbery and grand theft, contending double jeopardy since there was only one taking of property. Based on our holding in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), review granted, No. 64,775 (State v. Rodgriquez), we reverse the grand theft conviction. Since Rodriguez is pending before the Florida Supreme Court, we certify the following question as one of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
Can one taking of property valued at $100.00 or more, with force, support dual convictions for robbery and grand theft, or is the degree of theft irrelevant to double jeopardy considerations absent an indication of contrary legislative intent?
REVERSED; QUESTION CERTIFIED.
UPCHURCH, C.J., concurs.
COWART, J., concurs specially with opinion.
*834 COWART, Judge, concurring specially:
For one forceful snatching (taking) of one purse of a value of more than one hundred dollars one time from one person, the defendant was convicted of two offenses, robbery (§§ 812.13(1), (2)(c), Fla. Stat.), and grand larceny (§ 812.014, Fla. Stat.). If, regardless of form, these two offenses are, substantively in fact and in law, one and the same offense then the defendant has been twice put in jeopardy and twice convicted for the same offense in violation of the double jeopardy clauses of the state and federal constitutions. The question posed is whether robbery and grand larceny are, in legal substance, one and the same offense. Two views of this question were presented in the majority and dissenting opinions in Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), review granted, No. 64,775 (Fla. June 28, 1984).
The current analysis to determine if two particular criminal charges are, in fact and legal substance, one and the same offense or two separate and different offenses, is as follows: First, ascertain whether both criminal charges are based on one single factual event (not one single criminal transaction or episode but one single atomic factual event), or whether each of the two charges is based on separate and different factual events.[1] If each of the two criminal charges is based on what is in substance actually a separate and distinctly different factual event (regardless of how closely commingled in time or space), then each criminal charge is substantively different from the other and there is no double jeopardy violation because a person can constitutionally be charged with violating even the exact same statutory offense more than one time.[2] Second, if both criminal charges are based on a single factual event, ascertain whether the statutory offenses on which the two criminal charges are based are themselves different in legal substance; if so, the two criminal charges are still substantively and fundamentally different. The current test to determine if two statutory offenses are substantively different in law, called the Blockburger test,[3] is accomplished by first identifying and isolating each and every essential constituent element of each of the two statutory offenses under examination and then comparing all of the elements of each such statutory offense against all of the other. If each statutory offense has at least one element not required by the other, then the two statutory offenses being examined are considered substantively different in law[4] and, therefore, the two criminal charges each based on one of two substantively different statutory offenses are also substantively different and there is no double jeopardy violation.[5] However, if both criminal charges are based on one and the same factual event AND if each statutory offense does not have at least one element not required by the other offense, then under current analysis it is concluded that *835 the two criminal charges are one and the same, in substance in fact and in law and in constitutional contemplation, and the defendant cannot be constitutionally charged, tried, convicted, or punished as to both of the two criminal charges.[6]
Applying the Blockburger test to the two statutory offenses in question (robbery and grand larceny), the dissent in Rodriquez argued that because force or violence is an essential element of robbery but not of grand theft, and value or special character of the property is an essential element of grand larceny but not of robbery, the Blockburger test was passed, the two offenses were legally substantively different, and that even as to one factual event a defendant could constitutionally be charged, tried, convicted, and punished as to both the charge of robbery and the charge of grand larceny without violating constitutional double jeopardy guarantees.
The constitutional double jeopardy identity of offense problem, that is, the problem of analyzing two criminal charges for substantive sameness or difference as outlined above, can be an exceedingly complex problem. The basic problem is in distinguishing substance from form. This is difficult in every legal context and especially so here because not only do the state and federal double jeopardy clauses contemplate substance,[7] but in order to accurately determine differences between statutory offenses it is absolutely necessary to perceive and consider substance as to both the offenses themselves and also as to each and every element of each offense and not merely differences in words or form describing an offense or an element of an offense.[8] This often requires an understanding of the subsurface nature and purpose of the statute and of the place of the statute in the total scheme of criminal offenses and the purpose of each element of the statutory offense. Because of this difficulty in analysis, some have abandoned the endeavor to analyze for substance and instead search for a direct, short, and easy alternative path to a subjectively satisfying conclusion. If the judiciary is willing to pursue it, future work will reveal that the current identity of offense analysis is on the right track but that it needs perfecting and that a better, more accurate and refined analysis will necessarily be even more complex and difficult, not simpler and easier.[9]
While all constituent elements of criminal offenses are equal in the sense that each is essential, nevertheless, elements are different in purpose and fall into at least two groups or types. The first group is those elements which are essential to create and distinguish basic substantive offenses. These are nuclear or core elements. The second group of elements is those elements which are not essential to the existence of a basic substantive offense (i.e., the other (nuclear or core) elements of the particular offense are sufficient to define the basic substantive offense) but serve to delineate and distinguish levels or degrees of egregiousness, culpability, or punishment of one basic substantive criminal offense. These are degree elements. Because the purpose of the Blockburger test is to determine substantive differences, if any, between offenses and not different degrees of one offense, only nuclear or core elements that define and distinguish such offenses should be compared and contrasted. The use of degree type elements in the Blockburger test causes the test to falsely indicate a substantive *836 difference between offenses when there is actually only a difference between degrees of one substantive offense. This has not previously been noticed.[10] In order to perfect the substantive analysis involved in the Blockburger test it is imperative to refine the test to compare only the nuclear elements, which differentiate substantive offenses, and not to consider or compare elements which serve only to differentiate degrees of one substantive offense. This refinement will result in the recognition of fewer basic substantive criminal offenses and a more accurate and valuable analysis and double jeopardy guarantee. Notwithstanding the additional analytical task of differentiating between nuclear and degree elements, the legal profession should be willing to do the added work in the interest of a better understanding of the problem and an improved result in this most important legal area. Further, experience gained from a persistent effort to improve methodology and refine analysis will develop an ability to understand substance and to directly recognize basic substantive criminal offenses, and the differences between them, and will reduce or eliminate our dependency on a "test" which our present lack of understanding requires to be rigidly formulated and mechanically applied in order to reach a result without the necessity for a more comprehensive understanding of the result desired, or the reasons for it, or of how the "test" seeks to reach that result, or when and why the test, or the result, is correct or incorrect.
If this theory is correct then the double jeopardy clause prohibits multiple trials, convictions, and punishments for any one such basic substantive offense based on one factual event. It is suggested that all criminal offenses against private property rights in and to personal property, which can be called "theft" or any other name, are but one basic substantive offense without regard to elements, such as those relating to fear or force in robbery, or value or property character in grand larceny, which serve to differentiate only between degrees of that one basic theft offense. At common law robbery was considered an aggravated larceny. If the degree elements presently distinguishing various statutory offenses prohibiting one basic substantive offense against private rights in personalty warrant varying scales of punishment, and they do, then instead of using the degree elements to subdivide one basic substantive offense into many statutory offenses differing in form or degree, which inherently sets the stage for double jeopardy violations, the legislature should define each basic offense and then provide a scheme for enhanced punishments varying with the presence or absence of the degree elements. This method, which is already in some use,[11] avoids the double jeopardy problem. Whether the legislature does this, or whether or not it would "intend" to if it considered the matter, has no bearing on constitutional rights and it is the duty of the judiciary to put substance over form in construing constitutional guarantees. It is for these reasons that, as stated in note 3 to the dissent in Gotthardt v. State, 475 So.2d 281 (Fla. 5th DCA 1985), the writer no longer argues for application of the original Blockburger comparison of all elements of the statutory offenses (as argued in the dissents in Rodriquez, supra, and Ards v. State, 458 So.2d 379 (Fla. 5th DCA 1984)), and now urges a comparison of only nuclear or core elements. Applying this modified Blockburger test to the nuclear or core elements of robbery and grand theft results in a conclusion that both statutory offenses are the same substantive theft offense for which the defendant cannot constitutionally be convicted twice when both criminal charges are based on one single factual event and that, accordingly, *837 the defendant's conviction for grand theft should be reversed as constituting a second conviction for the same substantive theft offense contrary to constitutional double jeopardy guarantees.
NOTES
[1] Because the scope of jeopardy in a particular case is governed by, and limited to, the allegations in the charging documents (see, e.g., Fla.R. Crim.P. 3.140(o)), and not the evidence presented during trial, differences as to the facts supporting each charge must be shown by the allegations in the charging document. See Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982), and the dissent in Collins v. State, 489 So.2d 188 (Fla. 5th DCA 1986).
[2] See, e.g., Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984).
[3] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[4] Of course, if each offense does not have at least one element not required by the other the two statutory offenses are substantively "the same offense" because either may be a lesser degree of the other or both may be lesser degrees of one substantive offense. It is at this point of analysis that much confusion has occurred as to the significance of one compared offense being either a necessary or permissible lesser included offense of the other.
[5] It is only in the context of differentiating criminal charges by differentiating the statutory offenses (and not the factual events upon which the charges are based) that substantive difference is indicated by the fact that a defendant can commit one of two statutory offenses without necessarily committing the other offense. See, e.g., State v. O'Hara, 478 So.2d 24 (Fla. 1985).
[6] See, e.g., Burke v. State, 475 So.2d 252 (Fla. 5th DCA 1985), review denied, 484 So.2d 10 (1986).
[7] Otherwise either the legislative branch or the executive branch, or both, by manipulating the form of statutes or the form of charging documents, could emasculate the constitutional double jeopardy guarantee, a result from which the judiciary must protect the public.
[8] See, e.g., Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
[9] "For every complex problem there is a solution that is short, simple and wrong." H.L. Mencken. The current easy and erroneous solution for double jeopardy problems is "the intent of the legislature." See the dissent in O'Hara v. State, 448 So.2d 524 (Fla. 5th DCA 1984).
[10] Nine times out of ten, in law as in life, there is actually no new truth to be discovered; there is only error to be recognized and exposed.
[11] See, e.g., §§ 775.084, 775.0845, 775.0846, 775.087, 784.07, and 812.13, Fla. Stat. Compare those statutes with the statutes that create the most difficult double jeopardy problems, such as §§ 782.04(1)(a)2., 782.04(3), 782.04(4), and 790.07(1), Fla. Stat. See also the special concurring opinion in O'Brien v. State, 454 So.2d 675 (Fla. 5th DCA 1984).