509 So.2d 1245 (1987)
Scott Adam CANALE, a/k/a Adam Scott Canale, Appellant,
v.
STATE of Florida, Appellee.
No. 86-986.
District Court of Appeal of Florida, Second District.
July 8, 1987.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his sentence and the imposition of costs and liens.
The trial court orally departed from the sentencing guidelines. No written reasons were provided, and the oral reasons were clearly insufficient under the case law. We therefore reverse and remand for resentencing within the guidelines recommended sentencing range.
*1246 The defendant asserts that the imposition of a public defender's lien was error because he was given no notice or opportunity to be heard. The affidavit of insolvency signed by the defendant, in which he consented to the imposition of such a lien, states that the defendant "shall have the opportunity to be heard, and offer objections to the determination of the value of the services of the public defender and costs, at the time of the final disposition of [defendant's] case... ." The record shows that the valuation of the lien and the imposition of the costs and the lien were accomplished subsequent to the final disposition and shows no such opportunity having been afforded defendant. This was error. See Foust v. State, 478 So.2d 111 (Fla. 2d DCA 1985).
The assessment of costs against defendant under sections 27.3455, 960.20 and 943.25(4), Florida Statutes (1985), was also accomplished without the required notice to the defendant. See Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Burrow v. State, 487 So.2d 77 (Fla. 2d DCA 1986).
We reverse the imposition of the costs and liens and remand for a hearing in accordance with Jenkins v. State, 444 So.2d 947 (Fla. 1984), on the valuation and imposition of the public defender's lien and the imposition of costs if such costs and lien are to be again sought.
SCHEB, A.C.J., and CAMPBELL, J., concur.