514 So.2d 1101 (1987)
STATE of Florida, Petitioner,
v.
Richard B. BING, Respondent.
No. 69334.
Supreme Court of Florida.
November 5, 1987.
*1102 Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for respondent.
PER CURIAM.
We have for review Bing v. State, 492 So.2d 833 (Fla. 5th DCA 1986), in which the district court reversed Bing's grand theft conviction relying on Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983), and certified the following question as one of great public importance:
Can one taking of property valued at $100.00 or more, with force, support dual convictions for robbery and grand theft, or is the degree of theft irrelevant to double jeopardy considerations absent an indication of contrary legislative intent?
Bing, 492 So.2d at 833. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Rodriquez was convicted of grand theft and robbery for a single taking of property. The fifth district court reversed his grand theft conviction, finding it a lesser included offense of robbery. We disapproved Rodriquez, holding that robbery and grand theft are separate offenses which will support dual convictions. State v. Rodriquez, 500 So.2d 120 (Fla. 1986).
We recently receded from Rodriquez in Carawan v. State, 515 So.2d 161 (Fla. 1987), finding that "where the accused is charged under two statutory provisions that manifestly address the same evil and no clear evidence of legislative intent exists, the most reasonable conclusion usually is that the legislature did not intend to impose multiple punishments." Id., at 168. We found that robbery and grand theft address essentially the same evil, i.e., the taking of property without consent, and held that "the legislature's probable intent was only to provide for a more severe penalty when a single theft was accompanied by an additional aggravating factor, not to multiply punishments because other aggravating factors also concurred." Id., at 170.
Accordingly, on the authority of Carawan, we answer the certified question in the negative. One taking of property valued at $100.00 or more, with force, cannot support dual convictions for robbery and grand theft. We approve the district court's decision for the reasons stated herein.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
I dissent for the reasons set forth in my dissent to Carawan v. State, 515 So.2d 161 (Fla. 1987).