519 So.2d 1139 (1988)
Phelan A. LITTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2206.
District Court of Appeal of Florida, Second District.
February 12, 1988.
*1140 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
The appellant, Phelan Little, raises three issues on appeal, two of which are meritorious. Little first challenges the amount of jail time credit he received as a result of various concurrent sentences. Consistent with our opinion in Keene v. State, 500 So.2d 592 (Fla. 2d DCA 1986), Little was properly credited only for the time he spent in jail for the charge which led to each sentence. Id. at 594. This point must, therefore, fail.
Little's second point concerns the imposition subsequent to the hearing on August 21, 1986, of a public defender's lien in the amount of $300 and costs totalling $69. The state has conceded, and we agree, that remand for a hearing in compliance with Jenkins v. State, 444 So.2d 947 (Fla. 1984), is necessary in the absence of a record disclosing that such obligations were imposed following notice and an opportunity to be heard. Canale v. State, 509 So.2d 1245 (Fla. 2d DCA 1987); Sescon v. State, 506 So.2d 45 (Fla. 2d DCA 1987).
Little's final contention challenges the revocation of his probation. Little was sentenced to a three year probationary term on February 25, 1983. On July 15, 1983 Little was placed on a concurrent term of three years probation following a conviction for sexual battery. On February 19, 1986, five days prior to the expiration of that period, an affidavit was filed alleging that Little had committed acts technically violative of his probationary status. Amended affidavits were executed on April 25, 1986, alleging as an additional violation, his arrest for possession of cocaine on April 5, 1986.
Little urges that his probation was erroneously revoked based upon the possession offense which occurred after the expiration of his probationary term. If Little's probation had been revoked solely as a result of the possession charge, his contention would be correct. "Upon expiration of the probationary period, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation." Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981). Little, however, specifically admitted to the technical violations which formed the basis for the affidavit filed prior to the expiration of the probationary term. Little's probation was properly revoked based upon his admission. Bexley v. State, 490 So.2d 226 (Fla. 2d DCA 1986). Upon remand, however, the order revoking Little's probation must be corrected to delete the violation of condition (5) stemming from the possession of cocaine. Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981).
This matter is remanded to the trial court for further proceedings consistent with this opinion.
HALL and THREADGILL, JJ., concur.