FRANK, Judge.
Elmer Lee Barron has appealed from his convictions for robbery with a firearm and grand theft, and from the imposition of attorney’s fees and costs pursuant to section 27.56, Florida Statutes (1985). We vacate the grand theft conviction and remand for a hearing on costs.
Barron stole Michael Reel’s pickup truck from the parking lot of a convenience store, while Reel was inside making purchases. When Reel noticed his truck pull *1139 ing out of the parking lot he ran after it. He managed to jump into the bed of the truck and knock on the rear window, at which point Barron displayed a loaded revolver. Reel jumped out of the truck. After doing so he observed the truck stop and heard a gunshot. Barron drove away, only to be apprehended some time later.
Barron was convicted of both robbery with a firearm and grand theft, although the court sentenced him only on the robbery charge. Despite the leniency shown in sentencing Barron, the court erred in adjudicating him guilty of both offenses. Notwithstanding the state’s novel assertions to the contrary, i.e., that Reel had regained possession of the truck, the facts exhibit only a robbery which occurred during a single taking and Barron’s brandishing and firing of the revolver merely facilitated the theft. Reel never regained possession of the truck. Convictions for both grand theft and robbery resulting from a single taking of property cannot stand. State v. Bing, 514 So.2d 1101 (Fla.1987); see also Carawan v. State, 515 So.2d 161 (Fla.1987).
Barron signed an affidavit of insolvency in which he consented to the imposition of a public defender’s lien. The document he signed, however, assured him “the opportunity to be heard, and offer objections to the determination of value of the services of the public defender and costs.” The record nowhere reflects that Barron was afforded such an opportunity prior to the entry of the final judgment assessing fees and costs. This was error. Canale v. State, 509 So.2d 1245 (Fla. 2d DCA 1987).
Therefore, we vacate Barron’s judgment of conviction for grand theft, together with the final judgment assessing fees and costs, and remand for a hearing in accordance with Jenkins v. State, 444 So.2d 947 (Fla.1984).
CAMPBELL, A.C.J., and PARKER, J., concur.